## GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. CLARA M. CODY ET AL.

Decided February 1, 1899

**1. Marriage May Be by License or Cohabitation.**

A marriage by license or by entering into an agreement to become husband and wife and publicly living together in pursuance thereof as husband and wife, is recognized by the laws of this State.

**2. Charge of Court.**

It is not error for the court to decline to repeat at the request of a party a principle of law which has already been given in the charge to the jury.

**3. Marriage—Presumption.**

No presumption against the issuance of a marriage license arises from the fact that the records of none of the county clerks' offices in the State show the return of such license in conformity to the statute, where the records of some of the offices have been destroyed since the date of the marriage alleged.

**4.  Action for Death by Common Law Wife.**

A woman who has become a wife by a common law marriage, and the issue of such marriage, are as much entitled to recover damages for the death of the husband and father as though the marriage had been by license duly issued.

**5.  Same—Life Insurance as Reducing Damages.**

The damages recoverable by the surviving wife and children for the negligent killing of the deceased can not be reduced by proof that the wife realized on life insurance carried by him.

**6.  Same—Evidence Tending to Prove Marriage.**

Evidence that deceased supported the plaintiffs, in an action to recover for his death, is admissible for the purpose of showing that he was the husband of one of the plaintiffs and the father of the others, where such fact is in issue.

**7.  Same—Same.**

Evidence that deceased introduced the person claiming to be his wife to his mother as his wife, and that his mother corresponded with her as a daughter, is admissible to show that they were husband and wife.

APPEAL from Bexar.  Tried below before Hon. J. L. CAMP.

*Upson, Bergstrom & Newton,* for appellant.

*Perry J. Lewis,* and *Webb & Finley,* for appellees.

NEILL, ASSOCIATE JUSTICE.—This suit was brought on January 20, 1897, by Clara M. Cody for herself and as next friend for Joseph J. and Thomas R. Cody and Margaret Cody, against the appellant, to recover $40,000 damages claimed to have been sustained by reason of the death of Thomas Cody, which was alleged to have occurred on the 6th day of December, 1896, by reason of the negligence of appellant.

The appellant, defendant below, answered by general and special exceptions and general denial, and pleaded specially that if Thomas Cody was killed, that he was guilty of negligence contributing to his death.

The case was tried on June 14, 1898, and resulted in a verdict in favor of appellees for the sum of $21,000, apportioned as follows:  $6000 to Clara M. Cody, and $7,500 each to Thomas R. and Joseph J. Cody, and in favor of the appellant against Margaret Cody.  After the verdict was rendered, the appellees entered a remittitur of $3000, and judgment was entered for the amount of the verdict less such remittitur.

*Conclusions of Fact.*—On December 6, 1896, Thomas Cody and Clara M. Cody were husband and wife, they having married in 1890, and continued to live together as man and wife from that time until the 6th of December, 1896, at which time Thomas Cody, without any negligence on his part contributing to his death, was killed by the collision of two of appellant's trains on its railroad, caused by the negligence of appellant's servants.  Joseph J. and Thomas R. Cody are the minor children of Thomas and Clara M. Cody.  By the negligence of appellant in causing the death of Thomas Cody, the appellees were damaged in the amount found by the verdict of the jury.

*Conclusions of Law.*—1.   There is no error in that part of the charge of the court which submits to the jury the issue as to whether Thomas and Clara M. Cody were husband and wife.   There is evidence to show that they were regularly married by license, as well as evidence to show that they were married by simply entering into an agreement to become husband and wife and lived together in pursuance of such agreement, and held themselves out as such to the public.   Either mode of marriage is recognized by the laws of this State as lawful.   Ingersoll v. McWillie, 9 Texas Civ. App., 543; Chapman v. Chapman, 11 Texas Civ. App., 392; Chapman v. Chapman, 16 Texas Civ. App, 382; Simmons v. Simmons, 39 S. W. Rep., 639; Simon v. State, 20 S. W. Rep., 398; Holder v. State, 29 S. W. Rep., 793.

2.   No error is shown by reason of the court's failure to submit the case to the jury upon special issues requested by appellant.

3.   The failure of the court to give the following special charge requested by appellant is assigned as error:   "Under the laws of the State the right to sue for damages for injuries resulting in death can only be maintained by the surviving wife or husband and the children born in lawful wedlock, and unless you believe from the evidence that the plaintiff Clara M. Cody was the lawful wife of the deceased, Thomas Cody, you are instructed to find for defendant."   The substance of the charge asked is incorporated in the general charge of the court.   Besides, the court at the request of appellant's counsel charged the jury as follows:   "In order to entitle the plaintiffs to recover in this case, it is incumbent upon them to establish by a preponderance of the evidence that the plaintiff Clara M. Cody was the lawful wife of the deceased, Thomas Cody, at the time of his death, and unless you believe from the evidence that the said plaintiff Clara M. Cody was the lawful wife of the said Thomas Cody at the time of his death, you will find for the defendant."   The court, if it was authorized to do so, was not required to repeat a principle of law which had already been given in the charge to the jury.   Frisby v. Withers, 61 Texas, 134; Traylor v. Townsend, 61 Texas, 144; Bumpas v. Zachary, 34 S. W. Rep., 672, 354, 809; Campbell v. Nicolini, 35 S. W. Rep., 74, 699; Railway v. Douglas, 73 Texas, 325; Railway v. Padgett, 36 S. W. Rep., 300, 1000; Durnett v. Railway, 37 S. W. Rep., 336; Smith v. Bank, 82 Texas, 368, 329; Railway v. Traylor, 79 Texas, 104.

4.   It is claimed that the court erred in refusing to submit to the jury the following special charge requested by appellant:

"The defendant requests the court to instruct the jury:   'You are further instructed, that the law requires persons solemnizing the rites of matrimony to indorse the same on the license and make a return of the same to the clerk of the county court within sixty days after the celebration of such marriage, and requires that such return shall also be recorded by the county clerk.   And the law presumes that public officers have done their duty, and if you believe from the evidence that the records of the county clerks of Texas do not show that a marriage license was issued authorizing the marriage of the deceased, Thomas Cody, and

the plaintiff Clara M. Brannon, or that the records do not show the return of such license, then you are instructed that the presumption of law would be that no license was issued authorizing the marriage of the said plaintiff and the said deceased, Thomas Cody, and that no such marriage was ever solemnized.' "

We do not think that this charge should have been given. The appellant undertook by negative evidence to prove that no marriage license issued to the parties by taking the testimony of all the county clerks in the State. But they failed to secure a complete chain of such negative evidence, for the proof shows that the records of the county clerks' offices in several of the counties had been burned. Therefore there is no presumption that a marriage license did not issue. As is remarked by counsel for appellees in their brief, "The presumption of marriage is stronger than the presumption that the clerks performed their duty in properly issuing and recording a license; it is stronger than the presumption that no license issued from either of the counties in which it is shown the records were burned; it is stronger than any presumption that arose in this case, and the requested charge was properly refused."

5. A woman who becomes a wife by a common law marriage, and the issue of such marriage are as much entitled to recover damages for the death of the husband and father as though the marriage had been by license duly issued. Therefore the court did not err in refusing to instruct the jury that if they should find from the evidence that no marriage license issued authorizing the solemnization of marriage between the deceased, Thomas Cody and Clara M. Cody, that she and her children were not entitled to recover.

6. Testimony that the deceased carried life insurance, and that a surviving wife obtained such insurance after his death, is not admissible in mitigation of damages in actions for death from wrongful injuries. The court therefore did not err in excluding such testimony offered by appellant. Railway v. Rains, 40 S. W. Rep., 636; Railway v. Weaver, 41 S. W. Rep., 846; Railway v. Raspberry, 34 S. W. Rep., 794; 1 Suth. on Dam., p. 243.

7. Mrs. Cody was permitted to testify over objections of appellant that her and her children's means of support were Mr. Cody's earnings. It was stoutly contended throughout the trial of this case that appellees were not the wife and children of deceased. Proof that he acted towards them as a husband and parent was admissible upon this issue, and proof that his earnings were the means of Mrs. Cody's and her children's support was evidence that he acted towards them as a husband and father, and we do not think that the trial court erred in admitting such testimony.

8. We do not believe the questions incorporated in the ninth assignment of error, asked Mrs. Cody, are obnoxious to the objection that they are leading. They simply direct the mind of the witness to the subject of inquiry, and do not suggest or indicate the answer desired.

9. The testimony the admission of which is complained of in the

eleventh assignment of error was admissible upon the issue of marriage. It shows that the deceased introduced Clara M. Cody to his mother as his wife, and that his mother corresponded with her as a daughter. That a man's mother recognizes and addresses a woman as the wife of her son to our minds is cogent proof that such woman is his wife.

10.   While the verdict of the jury is large, we believe that the evidence is amply sufficient to sustain it.  It seems that the remittitur of $3000 was voluntarily entered by the appellees.  If we are correct in our views that the verdict is not excessive, the appellant certainly can not complain of the remittitur.

There is no error which requires a reversal of the judgment appealed from, and it is affirmed.

*Affirmed.*

Writ of error refused.