Houston & Texas Central Railroad Company v. Mary E. Lemair
et al.

Decided April 14, 1909.

**1.—Negligence—Car Repairer—Moving Cars.**

Recovery sustained for death of car repairer by negligence of those putting cars in motion while he was between them engaged in his duties.

**2.—Charge—Omission—Burden of Proof.**

The jury having been charged to determine the issues submitted from a preponderance of the evidence, no ground of reversal appeared in failing to instruct them that the burden of proof was on plaintiffs to establish the facts relied on for recovery, in the absence of a request for such instruction.

**3.—Charge—Form of Verdict.**

No error was shown in orally directing the jury to find their verdict in accordance with one of two alternative forms submitted to them, though these did not embrace every alternative permissible, where no exception was reserved to such oral direction.

**4.—Damages—Death.**

Recovery of damages in the sum of $10,000 for negligence causing the death of a car repairer, by his widow and minor child, sustained.

**5.—Verdict—Judgment Disposing of Parties.**

In an action for injuries resulting in death, the widow, minor child and mother of deceased being plaintiffs, though the latter claimed no damages, a verdict and judgment in favor of the widow and child only sufficiently disposed of the rights of the mother.

**6.—Continuance—Amendment—Surprise.**

An application for continuance or postponement of trial by defendant on the ground of surprise by new matter alleged in a supplemental petition filed on the morning of the trial, was properly overruled where such matters were

pleaded in reply to the contributory negligence alleged in an amended answer filed by defendants on the same day and then first presenting the defense which was met by the supplemental petition.

### 7.—Death—Damages—Insurance.

The damages recoverable for death of the husband and father of plaintiffs were not subject to reduction by the fact that his life was insured for their benefit.

Appeal from the District Court of Travis County.    Tried below before Hon. George Calhoun.

*Baker, Botts, Parker & Garwood* and *Gregory, Batts & Brooks* for appellant.—The court erred in submitting to the jury two forms of verdict and in verbally instructing them, as is shown by defendant's bill of exceptions No. 3, that they should return a verdict in one or the other of the forms submitted to them, whereas under the facts of the case four forms of verdict might have been returned, viz.: (1) A verdict for each of the plaintiffs, Mary E. Lemair and E. Herbert Lemair.    (2)    A verdict in favor of Mary E. Lemair and against the plaintiff E. Herbert Lemair.    (3)    A verdict in favor of E. Herbert Lemair and against Mary E. Lemair.    (4)    A verdict in favor of the defendant against all of them.

The appellant was entitled to have rendered in this cause a judgment which would protect it against all future claims which may be asserted against it because of the alleged negligent killing of Charles Lemair, and the judgment rendered does not afford it such protection because B. Lindeman, husband of Mrs. Lindeman, was not made a party to the suit.    Sayles' Texas Civil Statutes, arts. 1200 and 2967; Hugo v. Seffel, 92 Texas, 414; Schwulst v. Neely, 50 S. W., 608; Fort Worth, etc., Ry. Co. v. Wilson, 85 Texas, 516; East Line, etc., Ry. Co. v. Culberson, 68 Texas, 664.

The defendant's motion for a continuance or postponement of the trial of said cause showed that it desired such postponement or continuance on the ground of surprise, and said motion, being duly verified and in no manner controverted, entitled appellant to the postponement or continuance prayed for.    Rule 16, District and County Court Rules; T. & N. O. Ry. Co. v. Goldberg, 68 Texas, 687; Beham v. Ghio, 75 Texas, 89; Central, etc., Ry. Co. v. Henning, 52 Texas, 474; G., H. & S. A. Ry. Co. v. Smith, 9 Texas Civ. App., 453.

Whether the amount of damages which the plaintiff, Mrs. Mary E. Lemair was entitled to recover on account of the death of her husband should not be reduced because of money that she received from insurance on his life, was a question of fact for the jury to determine; and the court erred in instructing the jury *as a matter of law* that they could not *reduce* such damages on account of the collection by her of such money.    S. A. & A. P. Ry. Co. v. Long, 87 Texas, 151; G., C. & S. F. Ry. Co. v. Younger, 90 Texas, 391; Tyler, etc., Ry. Co. v. Rasberry, 13 Texas Civ. App., 188.

In computing the actual pecuniary loss which the plaintiff E. Herbert Lemair sustained by the death of his father, the jury were entitled to consider the financial circumstances in which his mother or

any other person charged with the duty of rearing, educating, and supporting him was left; and, consequently, the court erred in instructing them as a matter of law that they should not decrease the amount of his recovery to any extent because of the fact that his mother collected and had $2000 just after his father's death.  S. A. & A. P. Ry. Co. v. Long, 87 Texas, 151.

*James H. Robertson, Jas. M. Harris* and *Geo. E. Shelley,* for appellees.—It was neither necessary nor proper to instruct the jury that the burden of proof was upon plaintiffs in this case, the charge having indicated clearly the questions of fact to be found.  Railway Co. v. Dotson, 38 S. W., 642; 15 Texas Civ. App., 73; Stooksbury v. Swan, 85 Texas, 566; Blum v. Strong, 71 Texas, 324; Railway Co. v. Taylor, 79 Texas, 114; Railway Co. v. Geiger, 79 Texas, 21.

Appellant having made no objection and taken no exception to the action of the court in submitting to the jury the forms of verdict, as shown by appellant's bill of exceptions No. 3, can not now complain of such action of the court, upon this appeal.  Railway Co. v. Stewart, 1 Texas Civ. App., 646.

The verdict in this case was fully supported by the evidence and was not in any sense excessive.  Railway Co. v. McVey, 46 Texas Civ. App., 181; Railway Co. v. Ferris, 55 S. W., 1119; 23 Texas Civ. App., 215; Railway Co. v. McMahan, 34 S. W., 796; Railway Co. v. Davis, 65 Texas, 217; Railway Co. v. Lehmberg, 75 Texas, 67.

The uncontroverted evidence in this case being that Mrs. Lindeman suffered no pecuniary loss or damage by reason of the death of Charles Lemair, and that she expressly disclaimed any such, even she, herself, was not a necessary party to the suit, and such being true, in no event could the failure to join her husband, B. Lindeman, in the suit, have been erroneous.  Rev. Stats., arts. 2903, 2904; Heinemier v. Arlitt, 29 Texas Civ. App., 140; Railway Co. v. Frazier, 34 S. W., 664; Speer on Married Women, sec. 288; Railway Co. v. Henry, 75 Texas, 223; Merchants & Planters Oil Co. v. Burns, 72 S. W., 628.

Defendant was not entitled to a continuance or postponement for the reasons stated in its application therefor, because plaintiff's first supplemental petition simply contains matters in reply to, and by way of explanation of, the allegations of defendant's own answer filed on the day of the trial, and made necessary thereby, and defendant could not have been surprised thereby.  T. & N. O. Ry. Co. v. Goldberg, 68 Texas, 687; Beham v. Ghio, 75 Texas, 89.

It would have been improper for the jury to reduce the amount of damages to which Mrs. Lemair would have been entitled because of the fact that she collected life insurance on account of the death of her husband; and, in view of the admission in evidence of testimony to the effect that she did collect insurance, it was proper for the court to instruct the jury that the amount of damages to which plaintiffs might be entitled should not be reduced on that account. Railway Co. v. Cody, 50 S. W., 135; 20 Texas Civ. App., 520; Railway Co. v. Weaver, 41 S. W., 847; Railway Co. v. Rasberry, 34 S. W., 794; Railway Co. v. Long, 87 Texas, 157.

FISHER, CHIEF JUSTICE.—The plaintiff below, Mary E. Lemair, instituted this suit in the District Court of Travis County, Texas, for the Fifty-Third Judicial District, against the defendant, the Houston & Texas Central Railroad Company, to recover of it damages alleged to have resulted to her and to her son E. Herbert Lemair, by reason of the death of Charles Lemair, who was her husband and the father of E. Herbert Lemair. The suit was also stated in the petition to have been brought for the benefit of Franzisca Lindeman, the mother of Charles Lemair, but no recovery was sought on behalf of Mrs. Lindeman, it being alleged in the petition that she was not pecuniarily damaged by the death of Charles Lemair.

The cause was tried before the court and a jury and resulted in a verdict and judgment on February 13, 1908, against the defendant for the sum of $10,000, apportioned as follows:

1.   To the plaintiff, Mrs. Mary E. Lemair, the sum of $4,000.

2.   To the plaintiff, E. Herbert Lemair, the sum of $6,000, and

3.   To Mrs. Franzisca Lindeman, nothing.

In due time the defendant filed its motion for a new trial in the cause, which was by the court overruled on April 1, 1908. To this action of the court the defendant excepted and gave notice of appeal to this court.

The case was tried on the plaintiffs' first amended original petition, the defendant's first amended original answer, and plaintiffs' first supplemental petition. The material facts alleged in said original petition were as follows:

On September 2, 1907, plaintiff Mary E. Lemair was the wife of and living with Charles Lemair; E. Herbert Lemair was their only child, and Franzisca Lindeman was the mother of Charles Lemair. On said date Charles Lemair was an employe of the defendant, serving it in the capacity of a car repairer and was engaged in the active discharge of the duties of his employment. That among other duties of said employment, it was the duty of Charles Lemair to accompany a switching crew of the defendant with a switch engine from the yards of defendant in the city of Austin to its passenger depot in said city, and there to place defendant's passenger trains, standing at or near said depot, in proper condition to be conveyed by the switch crew and engine from the depot to the yards. In the performance of this duty Charles Lemair was required to go in between the respective coaches composing said trains, and between the rails upon which same were standing, and to couple up and "cut in" the air connections between the coaches composing said trains; and also to inspect all air appliances, angle cocks, valves and other parts and features of the attachments on the coaches, used in and about conveying air from the engine to the coaches and to repair or correct any faults, leakages or air or other irregularities of any kind that he might discover in or about such attachments.

It was the duty of the car repairer to alone perform such duties, and it was the duty of the persons composing the switching crew to hold the train absolutely stationary until the work of the car repairer was completed, and not to move the train until the car repairer had completed his work, and had come out from between the cars and

given to the proper person in the switching crew clear, definite and specific instructions for the train to be moved. Upon the receipt of such information from the car repairer, it was the duty of those in charge of the train to immediately cause the train to be moved.

On September 2, 1907, Charles Lemair, by direction of defendant, accompanied the switching crew and switch engine from its yards to its passenger depot in Austin to prepare one of defendant's passenger trains for removal from the depot to the yards in the manner above described. When the cars composing said train had been collected by the switching crew, and while the switch engine was attached to said cars, Charles Lemair proceeded to inspect and otherwise prepare said train for its passage to the yards, and to "cut in" and couple up the air connections on the various cars composing said train in the manner above described.

On said occasion, Charles Lemair was the only person doing the work of car repairer, and was the only person who knew or could have known when said work was completed. That before Charles Lemair had completed his work on said cars, and while he was still engaged in the performance thereof, and while he was standing between two of the cars composing said train, said crew or some one or more of the members thereof, without having ascertained whether or not the work of Charles Lemair was completed, and whether or not he had removed himself from said position of peril, and without notifying him of their intention to move said train, and without having received from him any instructions or signals to move the train, the said Charles Lemair having at the time no knowledge of their intention to move the train—did, with gross and inexcusable negligence and carelessness, cause said engine and train, or part thereof, to be suddenly moved, and thereby caused one or both the cars between which Charles Lemair was engaged in performing his work, to strike him on his head, body and arms, and thereby caused his neck to be broken, and his death to almost immediately ensue. That by reason of said negligent acts of defendant's servants, plaintiffs Mary E. Lemair and E. Herbert Lemair have been deprived of the support and maintenance, as well as of the services, care, protection, guidance, counsel and association of their said husband and father for a great number of years, and have thereby suffered pecuniary actual damages for which defendant is liable.

That Franzisca Lindeman, the mother of Charles Lemair, was not pecuniarily damaged by his death; that his father died many years prior to Charles Lemair's death; that E. Herbert Lemair was the only child of Charles Lemair and that no persons, other than plaintiffs, Mary E. Lemair and E. Herbert Lemair, have any cause of action against the defendant because of the death of Charles Lemair.

The first amended original answer of the defendant contained a general demurrer and general denial and, in addition, specially alleged to be true the following facts, viz.: If the string of cars mentioned in plaintiffs' first amended original petition was so operated as to inflict upon Charles Lemair any of the injuries alleged in said petition, said injuries were directly and proximately caused and con-

tributed to, by the negligence of Charles Lemair himself in the following among other particulars, viz.:

Charles Lemair, after apparently having finished all the work which it was his duty to do preliminary to the removal of said string of cars from the depot yards, and after having come out from between said cars, announced to defendant's servant, E. Lind, who was in charge of defendant's switching crew in which deceased was working, that all was ready, or words to that effect, and the signal was thereupon given to the engineer who was operating the engine attached to said string of cars, to move same. The engineer in response to said signal did ring the bell on said engine, and shortly thereafter, did set said engine and string of cars in motion. But that at said time, neither the engineer nor any of deceased's other co-workers knew or had the slightest cause to suspect, that deceased was between said cars. That in fact and truth deceased after having made said announcement again went in between two of the cars composing said string of cars, without any knowledge on the part of said engineer, or any of his other co-workers, that he had or would do so, and without any of his said co-workers having any cause whatever to suspect that he had or would place himself in said position. That in announcing that all was ready for said string of cars to be moved and in thereafter going into the place where he was injured, deceased was guilty of negligence which directly and proximately caused and contributed to produce his injuries. That in going into the place where he received his injuries at a time and under circumstances such that his co-workers had no cause to suspect his presence there, and at a time and under circumstances such that he knew that said engine and cars were moving, or would at once be set in motion, deceased was also guilty of negligence which directly and proximately caused or contributed to produce his injuries.

That in being or remaining in the place where he was injured after the signal had been given for said engine and cars to move, and after the bell on the engine had been sounded and after he should, and in the exercise of ordinary care would, have heard said warning, deceased was still further guilty of negligence which directly and proximately caused and contributed to produce his injuries.

Defendant further and specially denied that deceased was killed as alleged by plaintiffs, by the setting in motion of the string of cars mentioned in their petition. Defendant alleged in this connection that, on the contrary, the starting of said string of cars in motion caused no injury whatever to the deceased; but that after said string of cars had begun to move the deceased turned an angle cock on the airbrake appliances attached to the end of one of the coaches composing said string of cars while he was between said coach and the next car from the engine in said string. Defendant further alleged that said act of the deceased was done at a time when none of its other servants who were working with him anticipated, or could have possibly anticipated, that it would be done and that the effect of turning said angle cock was to set the air brakes on the car to which it was attached and on all other cars in said string between said car and the engine, thereby instantly causing said cars to stop. Defend-

ant further alleged that the cars to the rear of said cars on which
the air brakes were so applied necessarily continued to move forward
after the air brakes were so applied to the coaches in front of them
and struck the cars in front with great force, thereby catching the
head and neck of the deceased between the two cars where he was
standing and crushing his head and breaking his neck.

Defendant further alleged that in turning said angle cock and ap-
plying the emergency air brakes, as alleged, deceased was guilty of
negligence which directly caused and contributed to produce his in-
juries.

The plaintiffs' first supplemental petition denied general the alle-
gations contained in defendant's first amended original answer, and
specially denied that "the deceased, Charles Lemair, was guilty of any
such act of negligence causing or contributing to his injury, or his
death, as pleaded by the defendant," but alleged that, "on the con-
trary, his injury and death were caused by and resulted directly and
proximately from the negligence of the defendant, as alleged" in plain-
tiffs' first amended original petition.

Said supplemental petition further alleged that Charles Lemair,
at the time of his injury which caused his death, was engaged in the
discharge of his duty in preparing the train to be taken to the switch
yard, as alleged in plaintiffs' first amended original petition; and
that while so engaged, the defendant's servants operating said train
negligently moved same, causing his injury. Plaintiffs further allege
that if it should appear that any act of the deceased caused said cars
to stop, as alleged by defendant, then deceased was in the perform-
ance of said act before, and at the time, said cars were moved; or, if
he did any such act, then same was done by him in the emergency
then existing and as his best judgment dictated for his own protec-
tion against threatened injury, arising from the negligence of the
defendant in moving said train while Charles Lemair was in said
position of peril, and that in no event did Charles Lemair do any
act which could or would defeat plaintiffs' action to recover the dam-
ages claimed for the negligent killing of Charles Lemair.


*Opinion.*—We find that there is evidence to support the allegations
of negligence, and that the facts justify the conclusion that the de-
ceased, Charles Lemair, was not guilty of contributory negligence,
as alleged by the appellant.

The first eight assignments of errors complain of the charges given
by the trial court. We are not going to discuss these objections in
detail, but will say we have given them careful consideration and
conclude that the main charge, together with those given upon re-
quest, fairly and fully presented the issues in the case and the ques-
tions of law that were proper to be submitted to the jury.

Appellant's ninth assignment is to the effect that the court erred
in failing to instruct the jury that the burden of proof was on the
plaintiffs to establish the facts alleged by them by a preponderance
of the evidence. There is no complaint in this assignment, or in
any other, that the court refused a charge upon the burden of proof.
The jury were instructed to find the questions submitted from a pre-

ponderance of the evidence. If the appellant desired a more specific direction upon this question, it should have been requested.

There is no merit in appellant's tenth assignment of error. The mere fact that the court directs a form of verdict is not objectionable; but however, it appears that no objection was made to this action of the court at the time. This is shown by the explanation appended to the bill.

Our findings of fact dispose of appellant's eleventh, twelfth, thirteenth and fourteenth assignments of error, except a proposition submitted under these assignments to the effect that the verdict and judgment are excessive. There is plenty of evidence, in our opinion, to support the verdict and judgment for the amount found by the jury.

There is no merit in the fifteenth, sixteenth and seventeenth assignments. The verdict and judgment do dispose of Mrs. Franzisca Lindeman. The facts show that she claimed no damages on account of the death of her son, and she testified "that he was not contributing anything to her support at the time of his death, and that she claimed no damages on account of his death." B. Lindeman, her then husband, was not a necessary party. Missouri Pac. Ry. Co. v. Henry, 75 Texas, 223; Texas Cent. Ry. Co. v. Frazier, 34 S. W., 664.

There was no error in the court's overruling appellant's motion for a continuance or postponement of the case, as shown by its bill of exceptions No 1. The continuance or postponement was claimed on account of the fact that the appellant claimed that it was surprised by reason of the matter alleged in plaintiffs' supplemental petition in reply to its allegation of negligence or contributory negligence upon the part of the deceased in turning the angle cock. This averment of negligence was contained in appellant's amended original answer, which was filed on the morning of the trial, to which the appellees before trial replied in their supplemental petition, all of which will appear in the statement in the first part of this opinion. This question of want of care or negligence of the deceased in turning the angle cock was brought in the case by the appellant, and we fail to see how it could be surprised at a denial of this charge or at any defensive matter that it was proper to urge to refute the allegations of negligence charged to the deceased. If the servants of the appellant were guilty of negligence in causing the train to move and thereby imperil the life of deceased, it was proper to show, in order to meet the charge of negligence in turning the angle cock, that this was done by the deceased in order to protect himself from injury by the moving train. This would be a defense to appellant's charge of negligence which it must be supposed to be prepared to meet. Of course, it is true, this excuse for turning the angle cock, if it was turned, was made on the eve of trial; but the pleadings of the appellant produced the occasion for the delay, and the issue would not have been in the case at all but for the fact that the appellant brought it in by its amended answer.

There was no error in the court's giving special charge No. 1 requested by the plaintiffs, as complained of in the eighteenth assignment of error.

In order to reduce the amount of damages which the plaintiffs

would be entitled to on account of the death of Lemair, the jury could not consider the fact that his life was insured, and that the appellees would be entitled to collect the policy.

We find no error in the record and the judgment is affirmed.

*Affirmed.*

Writ of error refused.