Missouri, Kansas & Texas Railway Company of Texas v. Thad. S. Harrison.

. Decided May 12, 1909.

**1.—Personal Injury—Concurring Negligence of Third Party.**

If a railroad company was negligent in the maintenance of its station platform the fact that the negligence of a third party concurred with the negligence of the company in inflicting a personal injury upon plaintiff, would be no defense to an action against the railroad company for damages.

**2.—Negligence—Liability for Natural Results.**

The injurious proximate and natural consequences of a negligent act are always deemed to have been foreseen. It is not necessary that the precise injury which occurred should have been anticipated.

Vol. LVI Civil—2.

**3.—Carrier and Passenger—Degree of Care.**

The failure of a railroad company to exercise the highest degree of care that a very cautious, competent and prudent person would exercise under similar circumstances to provide for its passengers a safe approach to its coaches, is negligence. This duty is required with respect to passengers on the company's premises as well as upon the trains.

**4.—Same.**

The fact that an intending passenger left the waiting room before an approaching train came to a full stop, and proceeded along the platform towards the place opposite which the passenger coach usually stopped, would not preclude the passenger from recovering damages for personal injuries caused by a defective platform, there being no intention or attempt to board the train before it came to a stop.

**5.—Trial—Calling Jury from Jury Room—Practice.**

It is not reversible error to call a jury back from the jury room, shortly after they had retired to consider of their verdict, and give them an additional charge requested by the plaintiff. Such matter lies in the discretion of the trial court. It was not calculated to give undue prominence or importance to said special change.

**6.—Personal Injuries—Case Stated.**

The engine of an incoming train struck a passenger on the platform of the station and threw her violently against the plaintiff who was attempting to rescue her, and plaintiff was thus in turn thrown upon a truck standing on the platform, and thereby injured. Evidence considered, and held to justify a recovery by plaintiff against the defendant company upon the ground of negligence in the maintenance of its station platform.

Appeal from the District Court of Cooke County. Tried below before Hon. Clem B. Potter.

*Garnett & Eldridge,* for appellant.—The court erred in overruling defendant's motion for a new trial and the twentieth ground thereof, which is as follows: "20th. The verdict of the jury is contrary to law and the sixth paragraph of the court's charge, in this, that the uncontroverted evidence showed that while Mrs. Parker was walking toward the approaching train, and when said train was in the act of passing her, she suddenly, negligently and instantly stepped from a place of safety towards and against defendant's approaching engine and train, and when said engine and train was in the act of passing her she suddenly, negligently and instantly stepped from a place of safety toward and against defendant's approaching engine in the instant that the engine passed, and plaintiff in the same instant sprang forward to rescue her, and was instantly struck by the pilot-beam of said engine; and the uncontradicted evidence further showed that no human power, in the exercise of any degree of care, could have prevented either Mrs. Parker or plaintiff from being struck by said engine under the circumstances, neither was it possible to discover her or plaintiff's peril, or to avoid striking said Mrs. Parker or plaintiff, from the time in which Mrs. Parker stepped from the place of safety to the place of danger, as all occurred in an instant of time. All of which was shown by the uncontradicted evidence." Railway v. Washington, 63 S. W., 537; McDonald v. Railway, 22 S. W., 943, top half left-

hand column; Railway v. Shetter, 59 S. W., 534-5, last column on page 535.

Even if it be conceded that the sheet or pool of water upon defendant's platform was negligence, yet the fact of its being there would not be the proximate cause of Mrs. Parker or appellee's injury, unless it could have been foreseen or anticipated by a reasonably careful and prudent man in the exercise of care that an injury would result to some one by reason of its being there. It is clear beyond controversy that no one, however prudent and however careful, could have foreseen or anticipated that Mrs. Parker or any other person would or could be injured by reason of said little pool of water being there; hence, the existence of said little sheet of water upon said platform caused to be there by a very recent rain, and which rain was then falling, could not have been the proximate cause of Mrs. Parker or appellee's injury in the sense of making the defendant liable in damages to appellee for a result which a reasonably prudent and careful man could not have foreseen or anticipated. Railway v. Bigham, 38 S. W., 164; Railway v. Jackson, 89 S. W., 1117; Cole v. German Savings-Loan Soc., 63 L. R. A., 419.

The court erred in giving to the jury first paragraph of its charge, because the care required therein of defendant in view of the fact that Mrs. Parker, as a passenger, had not placed herself entirely under the control of defendant, was more onerous under the circumstances of this case than is required by law. Texas & P. Ry. Co. v. Miller, 15 S. W., 265; Railway v. Ploeger, 96 S. W., 56-7; 3 Thompson on Negligence, 2678-2679; 4 Elliott on Railroads, 1590; Penn. Co. v. Marion (Ind.), 3 N. E. Rep.; 874.

*Stuart & Bell,* for appellee.

JAMES, Chief Justice.—The action was brought by appellee for damages for personal injuries alleged to have been sustained by him in the attempt to save Mrs. Parker from being injured by appellant's passenger train.

The petition alleged that Mrs. Parker, an acquaintance of plaintiff, had her ticket and was in the waiting-room of defendant's station at the town of Myra, intending to leave for Gainesville, when the passenger train whistled, and that she then, as was the custom, went out of the north door of the waiting-room and proceeded westwardly along defendant's platform towards the place where first-class passengers were accustomed to board the train, along the route provided for her on the platform for that purpose; that it was raining hard and she had to bow her head on account of the rain which was coming from the north and west; that as she was thus proceeding along the route provided for her, and which she was invited to take, which led her between a pool of water on the platform and the south rail of the track, she was struck by defendant's engine, tender or cars, part of which extended over the platform and struck her and knocked her against plaintiff. That plaintiff was following along at the side of Mrs. Parker after she left the waiting-room, and he noticed her as she started to follow said passageway between said pool and the track, and saw her

threading her way with her head bowed, and saw that the engine, tender or cars were likely to strike her, whereupon he made a grab for her, or grabbed her, with the intention of rescuing her from her perilous situation, but before ·plaintiff could pull her clear of the train she was struck, and plaintiff was struck by her, or by the train, and hurled against the handles of some trucks and against the platform, and injured.

The petition alleged that a pair of trucks were left by defendant standing on the platform and in the way of the passage from the waiting-room to the place ·of boarding the train, said trucks being about three feet wide and six feet long, having two sharp handles at each end, the ends being to the east and west, and were located on .the platform about two and one-half or three feet from the north side of the depot and three and one-half or four feet from the south rail of the main track; that between said trucks and the main track was a pool of water that had been allowed to form, extending from the trucks to the end of the cross-ties of the main track, leaving a narrow passageway from one to one and one-half feet wide between said pool and the south rail of the main track, for passengers to walk in.

The negligence of defendant was alleged to be: First, in constructing and maintaining the platform as aforesaid and inviting the public to use it, when the engine, tender and coaches on the main track extended two feet over on the platform; second, in leaving said trucks standing as they were, with the pool of water between them and the track, thereby leaving a space of about one to one and one-half feet wide for passengers to use, when such space was overlapped by the tender, engines and coaches passing; and third, in that the defendant's servants in charge of the train saw, or could have seen by the use of ordinary care, Mrs. Parker and her perilous situation, and failed to use the means at hand, and failed to warn her or halt the train. This last form of negligence was not submitted.

The answers, besides demurrers and general denial, alleged that even if the trucks and pool of water were there upon the platform, they were not the proximate cause of plaintiff's injuries, but that the proximate cause was the fact that Mrs. Parker negligently and suddenly stepped against the engine and was struck and thrown by the engine against plaintiff, who was close beside her. That defendant, in the exercise of that care demanded of a reasonably prudent person, did not, under all the circumstances, foresee, and could not have anticipated that any person would have been injured by stepping against the engine at the time and place Mrs. Parker did, by reason of the trucks and water, said water consisting of a small sheet as the result of a rain then falling, and that defendant ought not to be held liable for such an unlooked-for injury to plaintiff, which a prudent person would not have foreseen or anticipated. The verdict was for plaintiff in the sum of $5,000.

The case has been twice before the Court of Civil Appeals. 44 Texas Civ. App., 58; 49 Texas Civ. App., 467. On the last appeal the court at Fort Worth held, on substantially the same evidence, that the question of the negligence of defendant in having its platform and passageway leading to the train in the condition it was, and whether

this negligence proximately contributed to plaintiff's injury, were questions for the jury. We concur with the ruling, and we find, as our conclusion from the evidence, that it was sufficient to take the case to the jury in deference to the verdict upon which the present judgment is based.

The proposition under appellant's first assignment is as follows: "The evidence shows that Mrs. Parker, by reason of her own negligence, placed herself in peril, in this, that instead of following her husband, or passing to the other side of the trucks, or waiting at said shallow surface water until the engine passed, she suddenly and unexpectedly ceased following behind her husband and turned and instantly stepped toward and against said incoming train, thus placing herself in peril by her own negligence."

While we think that Mrs. Parker was not guilty of negligence as a matter of law, that question in this case is immaterial. If defendant's negligence contributed to the accident, and hers did also, both concurring, her negligence would have barred a recovery in a suit brought by her. But this is not a suit by her, and her negligence would not serve to defeat a recovery by plaintiff. The negligence of defendant, if as alleged, was unquestionably a proximate cause, and if Mrs. Parker was negligent also, both were concurrent causes. The result of these views is that defendant would be liable without reference to the negligence of Mrs. Parker. His own recklessness or contributory negligence would bar him; and this, as we understand defendant's answer, was not pleaded.

The other propositions under the first assignment add no strength to the assignment, and they are all overruled. Our conclusion of fact above stated, together with what has been said, requires us to overrule the second, third and fourth assignments of error.

The fifth assignment complains of the refusal of this charge: "If you find from the evidence that defendant was negligent in permitting the sheet of water to be on its platform, yet if you find from the evidence that defendant, its agents and servants could not have foreseen or anticipated that injury would result to some one by reason thereof, and if you find from the evidence that while Mrs. Parker was going to said train, that she stepped to or toward or against said engine as it was passing her, and that said Harrison, in endeavoring to rescue her, was hurt and injured, you will find for the defendant."

The court charged the jury: "If you find from the evidence that the sheet of water on defendant's platform was the result of a recent rain, and that under the circumstances then and there existing that defendant was not negligent on account of said pool of water being there, then you can not charge defendant with negligence because it was there."

To have given the requested charge would have tended to lead the jury to believe that defendant might not be liable for the natural and ordinary results of allowing the pool to be there. As stated in El Paso S. W. Ry. v. Barrett, 46 Texas Civ. App., 14, the injurious, proximate and natural consequences of a negligent act are always deemed to be foreseen. If, as the beginning of this requested charge states, the presence of the pool was negligence, defendant would be liable for in-

juries produced by it to passengers, although the precise injury which occurred might not have been anticipated. (Missouri, K. & T. Ry. v. Morgan, 49 Texas Civ. App., 212; Rice v. Dewberry, 93 S. W., 719.) That persons were liable to step around this pool of water and thereby be brought in dangerous proximity to the track suggests itself too plainly to admit of any question. (Donahoe v. Wabash, St. L. & P. Railway, 83 Mo., 560, 53 Am. Rep., 594.)

We overrule the sixth assignment which complains of the instruction that it was defendant's duty to exercise the highest degree of care that a very cautious, competent and prudent person would exercise under similar circumstances to provide for its passengers at Myra a safe approach to its passenger coach, and a failure to exercise such care is negligence.

As Mrs. Parker was a passenger at the time, there was no error in this charge. (San Antonio & A. P. Ry. v. Turney, 33 Texas Civ. App., 626; Missouri, K. & T. Ry. v. Byrd, 40 Texas Civ. App., 316.) The case of Railway v. Turney decides that the high degree of care in respect to passengers obtains on defendant's premises generally, as well as upon trains, which disposes of the seventh and tenth assignments also.

The eighth complains of this charge: "If you believe from the evidence that the defendant failed to provide a reasonably safe approach to its coach for passengers at Myra, and if you further find that such failure, if any, was negligence as heretofore defined herein, and that by reason of such negligence, if any, Mrs. John Parker, while approaching defendant's train to take passage thereon was struck by an engine of defendant, and that plaintiff, in making an effort to rescue Mrs. Parker, was himself struck and thereby injured, you will find for plaintiff."

The train which struck Mrs. Parker was going east. She testified: "We went out of the north door and went west. The coach for ladies to ride in always stops west of the door where we go out. The coach always stopped at the west end of the platform when the train was going east. We started along by the house, going west, starting to the coach." Other testimony was to the same effect, all, it seems, without contradiction. They were thus on the way to such point when the accident occurred. In view of this, the propositions directed against the charge have no force. In substance, they are that the charge was not applicable to the facts, because the train had not then stopped, and until it stopped it could not have been known where the approach to said coach would be or that these obstacles would be in the way, for no passenger would be expected to board a running train, and because defendant owed no duty to any one to provide a reasonably safe passway to its running trains, and because there was no negligence in having the trucks where they were until it was known just where the baggage car would stop.

The eleventh assignment is that the court erred in giving special charge number 4 requested by plaintiff, because the calling of the jury back, after they had retired to their room to consider their verdict, gave undue prominence to the issues made by said charge and

was calculated to and did cause the jury to render an improper verdict.

It is made to appear that just after the jury were conducted to their room, but before the papers had been taken from the table and before a foreman had been chosen, and before they had in any way discussed or deliberated on the case, the judge recalled them and gave them an additional instruction, being plaintiff's special charge number 4, which was as follows: "Even though you may find from the evidence that Mrs. Parker, for her own safety, failed to use ordinary care, that is, the degree of care a person of ordinary prudence would use under similar circumstances, yet if you find that the railway company failed to provide a reasonably safe approach for its passengers to its passenger coach at Myra, and that such failure, if any, was negligence, as negligence has been defined in the first section of the court's charge herein, and such negligence, if any, was a proximate cause of plaintiff's injury, you will find for the plaintiff."

This charge was in accordance with the views we have expressed, and the general charge which the court had just given contained no direct instruction to the effect that Mrs. Parker's negligence would not prevent plaintiff's recovery, and it was eminently proper that it should have been given in unmistakable terms. As plaintiff had delayed asking it until after the jury had retired, the court could have refused it without error. It was discretionary with him under the circumstances to give it or not. It was no abuse of discretion to recall them and give it, especially when it appears that they had barely reached their room, and had done nothing toward considering the case. We can see no more harm in what was done than if they had been given this additional instruction before they had left the court room. The assignment is overruled.

The twelfth, thirteenth and fourteenth assignments are disposed of by the conclusion of fact stated in the first part of this opinion. Judgment affirmed.

*Affirmed.*

Writ of error refused.