### Texas & Pacific Railway Company v. Lena Beezley.

Decided May 29, 1909,

**Carrier of Passengers—Degree of Care—Charge.**

In an action by a passenger for damages for personal injuries received while attempting to alight from a railroad train, charge of the court upon the degree of care required of a railroad company towards its passengers, considered, and held erroneous in that it imposed upon the defendant the absolute duty of providing the safest practicable means for its passengers to alight, and also imposed upon defendant the burden of guarantying the personal safety of its passengers.

Appeal from the County Court of Callahan County. Tried below before Hon. C. D. Russell.

*F. S. Bell,* for appellant.

*M. C. Council* and *W. D. Scarbrough,* for appellee.

SPEER, Associate Justice.—Mrs. Lena Beezley received certain personal injuries while attempting to alight from one of the Texas & Pacific Railway Company's passenger trains at Clyde in Callahan County, for which she recovered a verdict and judgment for seven hundred dollars damages, and the railroad company has appealed.

The case has been once before appealed and will be found reported in 46 Texas Civ. App., 108. On the last trial the court instructed the jury upon the measure of appellant's duty to appellee as follows: "You are charged that it was the defendant's duty to provide for plaintiff the safest means practicable, the safest means known and used by the railroad companies to assist passengers in alighting from trains, and if there had not been provided such means, then it was incumbent upon defendant to personally assist plaintiff safely to the ground." This is objected to and is faulty in two respects: First, it imposed upon appellant the absolute duty of providing for its passengers the safest practicable means known and used by railroad companies to assist passengers in alighting from its trains, whereas the law only imposes the duty of exercising that high degree of care to furnish such means as a very cautious and prudent person would have

exercised under the same circumstances; and second, it imposed upon appellant the burden of guaranteeing the personal safety of appellee if it had failed in the respect just mentioned, whereas its duty in this respect too was only to exercise the high degree of care previously mentioned. It is insisted by appellee that the next paragraph of the charge, when read in connection with the one quoted, relieves it of error. That paragraph reads: "Now, if you find from a preponderance of the evidence that the defendant negligently failed and refused to provide a safe means for alighting from its train, as explained above, and its employes negligently failed to render the proper personal assistance, and the plaintiff was injured on account of such negligence, you will find for the plaintiff." But we are inclined to think this paragraph accentuates the error of the preceding one, since it directs a verdict for the plaintiff if the defendant is found to be negligent as that term has been defined in the immediately preceding paragraph, which, as we have seen, is an erroneous definition.

While the appellant's fourth and sixth assignments, complaining of the refusal to give certain requested charges might not be sufficient to require a reversal of the case, still on another trial the court should in some manner submit the negative of appellee's case—that is, if the jury failed to find that appellee was injured in the manner alleged, or if she received her injuries through no fault of appellant, they should return a verdict for the defendant.

We do not agree with appellant in its contention that the issue of negligence in failing to supply a foot-stool was not raised by the evidence. We think appellee's testimony was sufficient in this respect to condemn the requested charge upon that issue.

For the error discussed, however, the judgment is reversed and the case remanded for another trial.

*Reversed and remanded.*