### TEXAS CENT. R. CO. v. CAMERON.†

(Court of Civil Appeals of Texas. Ft. Worth. May 4, 1912. On Rehearing, June 15, 1912.)

1. DAMAGES (§ 64*) — MITIGATION — INSURANCE POLICY.

In a passenger's action for injuries, evidence that he held an accident insurance policy at the time of his injury was properly excluded.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 113; Dec. Dig. § 64.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

**2. CARRIERS (§ 280*)—CARRIAGE OF PASSENGERS—INJURIES—CARE OWED PASSENGERS.**

A railroad company owes the highest degree of care that a very cautious, competent, and prudent person would exercise under the same or similar circumstances to protect its passengers from injury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1085–1092, 1098–1106, 1109, 1117; Dec. Dig. § 280.*]

**3. CARRIERS (§ 283*)—CARRIAGE OF PASSENGERS—INJURIES—NEGLIGENCE OF EMPLOYÉ.**

Failure of railroad employés to discharge a legal duty owed by them to a passenger is negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1119–1124, 1140, 1141; Dec. Dig. § 283.*]

**4. CARRIERS (§ 321*)—CARRIAGE OF PASSENGERS—INJURIES—INSTRUCTIONS.**

Where, in an action for injuries received from falling baggage, the plaintiff pleaded and proved that he was in the baggage room at the defendant's invitation, it was proper to instruct that, though his intention to board the train was unknown to the agent in charge of the baggage room, yet he could recover if his injury resulted from a failure of the employés handling trunks to exercise ordinary care for his safety.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326–1337, 1343; Dec. Dig. § 321.*]

**5. APPEAL AND ERROR (§ 1033*)—REVIEW—HARMLESS ERROR—INSTRUCTIONS.**

In a passenger's action for injuries, the error in instructing on contributory negligence without any evidence raising such issue, is harmless as to the defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. § 1033.*]

**6. TRIAL (§ 242*) — INSTRUCTIONS—MISLEADING INSTRUCTIONS.**

In a passenger's action for injuries, an instruction which placed upon the defendant the burden of sustaining by a preponderance of evidence its plea of contributory negligence was not misleading; it not being probable that the jury understood therefrom that they were precluded from considering any of plaintiff's own evidence which might tend to show him to have been negligent.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 569–576; Dec. Dig. § 242.*]

**7. APPEAL AND ERROR (§ 928*)—REVIEW—PRESUMPTIONS—INSTRUCTIONS.**

In determining whether or not an instruction misled the jury, they will be presumed to have read and considered the entire charge.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3749–3754; Dec. Dig. § 928.*]

**8. TRIAL (§ 260*)—INSTRUCTIONS—REQUESTS.**

Requested instructions on contributory negligence were properly refused when sufficiently covered by the main charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

**9. CARRIERS (§ 321*)—CARRIAGE OF PASSENGERS — INJURIES — INSTRUCTIONS — EVIDENCE.**

Where, in an action by a passenger for injuries received in a baggage room from falling baggage, the evidence showed that plaintiff was in the baggage room by invitation and on business, so that defendant's employés owed plaintiff more than ordinary care, the court properly refused to instruct the jury to find for the defendant if its employés who caused the injury were exercising ordinary care in handling the baggage.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326–1337, 1343; Dec. Dig. § 321.*]

**10. TRIAL (§ 260*) — INSTRUCTIONS — REQUESTS.**

In an action for injuries received in a baggage room, a requested instruction that the plaintiff could not recover if he was a mere trespasser was sufficiently covered by an instruction that he could not recover if a trespasser unless willfully injured by defendant's employés, and that he was a trespasser if he remained in the baggage room longer than necessary.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Appeal from District Court, Erath County; W. J. Oxford, Judge.

Action by R. L. Cameron against the Texas Central Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Martin & Johnson and J. C. George, all of Stephenville, and J. A. Kibler, of Waco, for appellant. Scott & Foster, of Brownwood, for appellee.

DUNKLIN, J. Preparatory to becoming a passenger on one of the Texas Central Railroad Company's trains, R. L. Cameron went to its passenger station at Dublin, and entered its baggage room, to which he had previously directed his baggage to be carried from the hotel. The purpose of his visit to the baggage room was to see to the checking of his baggage, and to pay excess baggage charges thereon. When he arrived in the baggage room, he learned that his baggage had not yet arrived. This was but a few minutes prior to the time his train was due to start, and, having reasonable grounds to believe that his baggage would soon reach the baggage rooms, he waited for its arrival. While so waiting, he stood in front of the counter constructed for use of those having business with the baggage agent, and began scanning a newspaper. The employés of the railway company were then engaged in moving baggage from one portion of the baggage room to another. In so doing a large trunk was deposited on end within a few feet of Cameron. Later another trunk was unloaded from a truck near the one first mentioned in such a manner as to cause the latter to fall upon Cameron's ankle, and injure it. Cameron instituted this suit against the railway company for damages for the injury so sustained, alleging the facts recited above, and basing his claim for damages upon the alleged negligence of the company's employés handling the trunks. From a judgment in his favor the defendant has appealed.

[1] There was no error in refusing to permit the defendant to prove by plaintiff on cross-examination that he held an accident insurance policy at the time of the injury complained of, and collected from that com-

pany a sum of money to compensate him for the time lost on account of the injury. It is well settled by the authorities in this state that a tort-feasor through whose negligence an injury is sustained cannot be accorded any benefits of such a policy, for which it has paid nothing in mitigation of the damages allowed by law for tort. Railway v. Rasberry, 13 Tex. Civ. App. 185, 34 S. W. 794; G., H. & S. A. Ry. v. Cody, 20 Tex. Civ. App. 520, 50 S. W. 136; H. & T. C. Ry. Co. v. Lemair, 55 Tex. Civ. App. 237, 119 S. W. 1162; G., C. & S. F. Ry. v. Younger, 90 Tex. 387, 38 S. W. 1121.

[2] Appellant insists that the following charge of the court imposed a higher degree of care upon the railway company than is authorized by law: "A railroad company owes the highest degree of care that a very cautious, competent, and prudent person would exercise under the same or similar circumstances to protect its passengers from injury." In support of the assignment the leading case of Railway v. Halloren, 53 Tex. 46, 37 Am. Rep. 744, and other decisions to the same effect, are cited. In the case of Railway v. Halloren the court said: "Railroad companies, however, are not insurers of the safety of their passengers further than could be required by the exercise of such a high degree of foresight as to possible damages and such a high degree of prudence in guarding against them as would be used by a very cautious, prudent, and competent person under similar circumstances." To the same effect are many other decisions. There is no substantial difference between the duty imposed by the instruction now under consideration and that required by the rule announced in Railway v. Halloren. The instruction given is substantially a copy of a charge which was approved in St. L. & S. W. Ry. v. Byers, 70 S. W. 559, in which a writ of error was denied by our Supreme Court. See, also, S. A. Trac. Co. v. Parks, 93 S. W. 132; M., K. & T. Ry. Co. v. Harrison, 56 Tex. Civ. App. 17, 120 S. W. 256.

In one paragraph of the court's charge, plaintiff's right to recover was conditioned in part upon a finding by the jury that his purpose to take passage on defendant's passenger train was known to the agent in charge of the baggage room, and in that paragraph the jury were told that a failure of the employés who caused plaintiff's injury to exercise the degree of care defined in the charge quoted above would authorize a recovery, if such failure of duty was the proximate cause of the injury. This instruction is assailed upon the same ground as the instruction quoted above, and that objection is overruled for the reason stated already.

[3] Another objection urged is that it eliminated from the consideration of the jury the issue of the alleged negligence of those who caused the injury. Clearly this criticism is without merit, as the failure to discharge the legal duty which the employés owed to the plaintiff necessarily would be negligence.

[4] In another paragraph of the charge the jury were told that, even though plaintiff's intention to board the train was not known to the agent in charge of the baggage room, nevertheless he could recover if he was injured as the result of a failure of the employés handling the trunks to exercise ordinary care for his safety. The contention is presented by appellant that there was neither pleading nor proof to warrant this instruction. Plaintiff alleged in his petition that he was in the baggage room at the defendant's invitation, either expressed or implied, and substantially all the circumstances which happened on the occasion of the injury were set out; furthermore, there was ample evidence to support the allegations.

[5] The jury were charged, further, that plaintiff could not recover if he was guilty of negligence contributing to his injury in placing himself in the position he occupied when injured, or if his presence in the baggage room at the time of the injury was unnecessary. It is insisted that there was no evidence to support the issues thus submitted. If that contention be correct, then the error in giving the instructions was favorable to appellant and prejudicial to no one except appellee. Parks v. San Antonio Trac. Co., 100 Tex. 222, 94 S. W. 331, 98 S. W. 1100; C., R. I. & G. Ry. Co. v. Johnson, 101 Tex. 422, 108 S. W. 964.

Appellant insists, further, that the evidence failed to prove the amount of earnings lost by appellee during the time he was unable to pursue his business as a traveling salesman; that there was no evidence to prove that his ability to labor in the future had been diminished by reason of the injury; nor to prove that he was necessarily compelled to employ a physician to treat him for the injury. With these contentions as a basis, appellant insists that the court erred in submitting these items of loss to the jury in the charge on the measure of plaintiff's damages. A careful examination of the record shows that the contentions upon which the assignment is based are without merit.

[6] In the charge to the jury, the burden was placed upon the defendant to sustain by a preponderance of evidence its plea that plaintiff was himself guilty of negligence proximately contributing to his injury. Appellant insists that plaintiff's own testimony tended to sustain that plea, and that the charge was therefore misleading, to appellant's prejudice. Some of the charges presenting in an affirmative form the defense of contributory negligence, and which the jury were instructed to determine "from the evidence," have been noted already.

[7] It must be presumed that the jury read and considered the entire charge. If they did so, it is not probable that they understood the instruction now under consid-

eration as precluding the consideration of plaintiff's testimony in their determination of the plea of contributory negligence. G., C. & S. F. Ry. Co. v. Howard, 96 Tex. 582, 75 S. W. 805.

[8] Appellant's requested instructions on the plea of plaintiff's contributory negligence were properly refused because that defense had been sufficiently presented in the main charge.

[9] The instruction requested by appellant that a verdict should be returned in its favor if its employés who caused the injury were exercising ordinary care in handling the baggage was properly refused because under plaintiff's testimony they owed to plaintiff a degree of care higher than ordinary care; nor was there reversible error in refusing another requested instruction for a verdict in appellant's favor if those employés were not guilty of negligence in handling the baggage, since that defense was sufficiently embraced in the main charge.

[10] The requested instruction, in effect, that plaintiff could not recover if he was a mere trespasser in the baggage room, unless appellant's employés willfully injured him, was substantially given by the instruction that plaintiff could not recover if a trespasser, unless injured willfully by defendant's employés, and that he was a trespasser if he remained in the baggage room longer than was necessary under the circumstances.

The judgment is sustained by the law and the evidence; hence there was no error in refusing appellant's request for a peremptory instruction in its favor, nor in overruling its motion for a new trial upon the grounds urged in the three last assignments of error.

The judgment is affirmed.

## On Rehearing.

Appellant earnestly insists that the extent of its duty to appellee while he was in the baggage room was to exercise ordinary care to avoid injury to him, and that in requiring the exercise of a degree of care higher than ordinary care the charge was erroneous. In one of the assignments of error to the charge given, it was expressly stated that the charge was erroneous "because the law only required the defendant company to exercise that degree of care that a very cautious, competent, and prudent person would exercise under the same or similar circumstances." In the other assignment to the charge, complaint was made that the charge was erroneous "because the railroad company was required to exercise that degree of care that a very cautious, competent, and prudent person would exercise under the same or similar circumstances." Under the assignment which alleged error in the refusal of a requested instruction that plaintiff could not recover if the jury should find that his injuries were the result of an accident and that the defendant's employés in

handling the baggage on the occasion in controversy exercised ordinary care, a single proposition was presented, which reads: "Where a party is injured, which was the result of an accident, and there was no negligence on the part of the party injuring him, no recovery can be had." By this proposition the assignment last referred to was limited to the single complaint that the court erred in not instructing the jury that if plaintiff's injuries were the result of an unavoidable accident he could not recover. In the original disposition of the case we construed the assignments as an admission by appellant that it owed to appellee, while he was in the baggage room, the duty to exercise that degree of care announced in Railway v. Halloren, 53 Tex. 46, 37 Am. Rep. 744, Railway v. Welch, 86 Tex. 203, 24 S. W. 390, 40 Am. St. Rep. 829, T. & P. Ry. v. Beezley, 56 Tex. Civ. App. 245, 120 S. W. 1136, and other decisions cited in appellant's brief, which was a higher degree of care than ordinary care. Proceeding upon that assumption, we did not discuss as a mooted question whether or not appellant owed to appellee while he was in the baggage room the duty to exercise more than ordinary care to avoid injuring him. Even though it should be held that appellant is not precluded by his assignments from now insisting that the trial court erred in not instructing the jury that the exercise of ordinary care to avoid injuring him was the extent of its duty to him while in the baggage room, that contention would be overruled. In support of that contention appellant now cites Thompson on Carriers, § 209; Hutchinson on Carriers, § 521a; Tex. & Pac. Ry. v. Miller, 79 Tex. 78, 15 S. W. 264, 11 L. R. A. 395, 23 Am. St. Rep. 308, and many authorities from other states.

The following quotation from Thompson on Carriers, § 209, is quoted in Railway v. Miller, supra: "The rule imposing upon the carrier of passengers the highest degree of care has this limitation: It applies only to those means and measures of safety which the passenger of necessity must trust wholly to the carrier. It is, in general, applicable only to the period during which the carrier is in a certain sense the bailee of the person of the passenger." As appellee was injured by one of appellant's servants in its baggage room, which was as much within its exclusive control as were its passenger cars, we fail to perceive why the high degree of care was not due him from appellant, even under the rule just quoted. However, we think the conclusion announced in our original opinion relative to the degree of care which appellant owed appellee is fully sustained by the following decisions of our own courts: M., K. & T. Ry. Co. v. Harrison, 56 Tex. Civ. App. 17, 120 S. W. 256, cited in the former opinion; Tex. Mid. Ry. v. Dean, 98 Tex. 517, 85 S. W. 1135; S. A. & A. P. Ry. Co. v. Turney, 33 Tex. Civ. App. 626, 78 S. W. 256; G.,

C. & S. F. Ry. v. Butcher, 83 Tex. 309, 18 S. W. 583; M., K. & T. Ry. Co. v. Byrd, 40 Tex. Civ. App. 315, 89 S. W. 991.

The motion is overruled.