## LAZENBY v. WACO ELECTRICAL SUPPLY CO. (No. 6597.)

(Court of Civil Appeals of Texas. Austin. May 16, 1923. Rehearing Denied June 27, 1923.)

Trial ☞312(1)—Giving jury additional instruction without request, after they had returned verdict, held not error.

Where a jury, after returning a verdict, on being asked whether they considered a special issue to apply to all material and labor claimed to have been supplied by plaintiff, stated that they considered it applied only to a particular amount, permitting plaintiff's attorney to question them, and giving them an additional instruction without their request, after which they returned a verdict for a larger amount, was not error, notwithstanding Rev. St. art. 1962, relating to additional charges requested by the jury, which is only directory in effect.

Appeal from McLennan County Court; Giles P. Lester, Judge.

Action by the Waco Electrical Supply Company against W. N. Lazenby. From a judgment for plaintiff, defendant appeals. Affirmed.

John McGlasson, of Waco, for appellant. Witt, Terrell & Witt, of Waco, for appellee.

KEY, C. J. This is a county court case, which resulted in a verdict and judgment for the plaintiff, and the defendant has appealed.

Appellee objects to the consideration of appellant's brief because: (1) The propositions urged are mere abstract, and do not undertake to apply the law in the concrete. (2) They do not refer to the assignments of error, or otherwise indicate under which assignments the propositions are being urged. (3) Appellant's brief does not contain sufficient statement from and reference to the record to render the same clear. (4) If any exceptions were taken to the court's charge, they are not referred to in appellant's brief. There is merit in some of these objections, but as the case is not long, nor the questions complicated or difficult, we have concluded to consider all the questions presented by appellant.

After the jury had returned their verdict, but before they were discharged, the court permitted the plaintiff's attorney to ask them whether or not they considered special issue No. 3 to apply to all material and labor claimed to have been supplied by the plaintiff, or only to the item of $96.14 in evidence and in controversy between defendants Lazenby and Wilson; and when each of the jurors answered that they considered said issue to apply only to the item of $96.14, and did not consider there was any dispute as to the balance, the court, over the objection of appellant, gave the jury the following additional written instruction:

"Gentlemen, in reference to special issue No. 3, you are instructed that said question refers to the total amount of labor and material furnished by plaintiff; if any."

After receiving that charge, the jury retired and brought in a verdict fixing the response to issue No. 3 at $299.60. That special issue read as follows:

"What was the reasonable market value of the material and labor supplied by plaintiff, if any?"

According to the original verdict, the response to that issue was $96.14, but after receiving the additional instruction of the court, as set out above, the jury changed their answer to that question so as to make it $299.60. Appellant contends that the trial court has no authority to give an additional instruction to the jury after they have retired, unless they request the same in writing, and that, as the jury did not make any request for additional instructions, the trial court committed reversible error, first, in permitting the plaintiff's counsel to interrogate the jury as shown; and, second, in giving the jury additional instructions, when none had been requested.

This seems to be a proper case for the ap-

---

plication of rule 62a (230 S. W. ix), as appellant has failed to show that the error complained of resulted in an unjust or improper judgment; while, on the contrary, it was shown that the first verdict was the result of a mistake on the part of the jury, and the second verdict reaches the justice of the case. In Mulligan v. McConnell Bros., 242 S. W. 514, the Amarillo Court of Civil Appeals held as follows:

"It is insisted under article 1962, Revised Civil Statutes, it was error to give an additional charge to the jury after they retired without a request to do so from the jury. The statute is directory, and does not forbid the court giving additional charges to the jury before they are discharged from the case and before the verdict is accepted by the court. If the facts of the case demanded it, we believe the court should do so, especially where, as in this case, the parties were present or had notice thereof and no other irregularity is shown. Cockrell v. Egger (Tex. Civ. App.) 99 S. W. 568; Richardson v. Wilson (Tex. Civ. App.) 178 S. W. 566 (9); Ry. Co. v. Harrison, 56 Tex. Civ. App. 17, 120 S. W. 254 (6). It is largely within the discretion of the trial court to give instructions, whether requested or not by the jury. Unless there has been an abuse of discretion or injury shown the case should not be reversed. Nolan v. Young (Tex. Civ. App.) 220 S. W. 154."

We indorse that ruling. Hence we decline to reverse the case on account of the matter complained of. All the other assignments of error have been duly considered, and are decided against appellant, and therefore judgment of the trial court is affirmed.

Affirmed.