TYLER SOUTHEASTERN RAILWAY COMPANY v. S. C. RASBERRY ET AL.

Delivered Feburary 13, 1896.

**1.   Death by Wrongful Act—Accident Insurance as Setoff Against Damages.**

In an action against a railway company for negligently causing the death of an employe, money received by plaintiffs from accident insurance held by the deceased cannot be set off against the damages resulting from the death.   .

**2.   Same—Minor's Right of Recovery.**

A charge of the court in an action by a minor to recover for the death of his father, caused by negligence, which limits his right to the damages which he may suffer before reaching majority, is properly refused.

**3.   Same—Evidence,**

It was proper, in an action for the death of a person caused by the explosion of an engine boiler, to allow a witness who had testified to the good condition of the boiler and flues, to be asked on cross-examination, if after plaintiff's attorney had requested him not to do so, he had not shipped the flues and cylinder to another place.

**4.   Same—Defective Condition of Boiler.**

In an action for death caused by the explosion of a locomotive boiler, a witness who had exhibited to the jury certain bolts which he had taken from the fire-box of the engine was properly permitted to state that one of the bolts was a fair specimen of those in the fire-box, and that the others were about as badly rust-eaten as the one shown.

**5. Death by Wrongful Act—Verdict not Excessive.**

In an action against a railway company for negligently causing the death of a fireman, thirty years old, healthy and industrious, and earning eighty dollars per month, a verdict for $14,000 in favor of his mother, wife and infant child, is not excessive.

APPEAL from Smith. Tried below before Hon. FELIX J. McCORD.

*Sam H. West, H. B. Marsh* and *J. W. Fitzgerald*, for appellant.—
1. The amount received by the beneficiaries on an accident insurance policy held by the deceased should be, by the jury in assessing damages, deducted from the amount that the beneficiaries might have been damaged by the death of the deceased had the policy not existed. Railway v. Long, 27 S. W. Rep., 113, and the English cases cited by the court; 87 Texas, 148.

2. Where there is no evidence that a minor son has a reasonable expectancy of receiving pecuniary aid from his father after he shall have arrived at the age of twenty-one years, he should only recover such damages for the death of his father as the evidence shows he has or will sustain during his minority, and for no longer time or period. Tiffany, Death by Wrongful Act, sec. 160; Railway v. State, 71 Md., 573; Railway v. State, 33 Md., 542; Railway v. State, 41 Md., 268.

3. The fact that the flues and cylinder part of the boiler were removed by the witness, an agent and employe of appellant, after the accident and sent to appellant's shops at another place, would not show negligence on defendant's part, either in furnishing the boiler in the first instance or in failing thereafter to use ordinary care and diligence to keep same in reasonable safe repair, because the acts, admissions and declarations of an agent or employe made after an accident has occurred cannot be introduced as evidence against his principal. Railway v. York, 74 Texas, 368; Railway v. Robinson, 73 Texas, 277; 1 Greenl. Ev., sec. 113.

4. The court erred in overruling defendant's motion for new trial because the verdict of the jury is excessive, in that it awarded to each of the plaintiffs damages greatly in excess of the pecuniary benefit that they might reasonably have expected to receive from Julius Rasberry had he. not been killed. Railway v. Johnson, 1 Texas Civ. App., 103.

*H. C.* and *Cone Johnson*, for appellees.—1. The accident insurance is borne and paid for by deceased, and was an investment for his family, and is not for the benefit of his employer. To give his employer the. benefit of such insurance is to permit it take advantage of its own wrong, and is against public policy. Harding v. Townsend, 43 Vt., 536; Railway v. Thompson, 56 Ill., 138; Railway v. Wightman, 29 Gratt., 431; Railway v. Kirk, 90 Penn. St., 16; Railway v. Meiga, 74 Ga., 857; Althorf v. Wolfe, 22 N. Y., 355, Terry v. Jewett, 78 N. Y., 338.

2. Where the suit is by the infant son to recover damages for the.

death of his father it is not necessary, in order for him to recover, that he show that he had just grounds to expect pecuniary aid from his father; it is the legal duty of the father to provide for such infant; nor is it necessary for him to show how much such father was contributing to his support. The special charge was objectionable, if for no other reason, because it in effect charged that the jury could allow him only such amount as the evidence showed he had just ground to expect during his minority.

3. The defects in the boiler were of such nature that they could not be known to or shown by plaintiffs except by an examination of it after the explosion, and it was proper for them to show that by reason of its shipment they could not examine it, and thus explain why they produced no evidence of the condition of that part.

4. The witness exhibiting a bolt shown to have been taken from the exploded engine, in testifying that there were other bolts in the engine, and the number like it or in the same condition, does not express any opinion, but testifies to a fact within his knowledge.

5. Where the verdict of the jury does not exceed the pecuniary loss sustained by the plaintiffs by the death of the deceased, taking into consideration his circumstances, occupation, habits of sobriety, economy, skill, industry, his annual earnings, the probable duration of his life, the ages, condition and circumstances of the plaintiffs, and the amount they were receiving and would have received from him had he lived, and there is nothing to show prejudice, passion or misconduct on the part of the jury, their verdict will not be disturbed. Railway v. Ormond, 64 Texas, 490; Railway v. Johnson, 78 Texas, 542; Railway v. Lester, 75 Texas, 56.

GARRETT, Chief Justice.—This action was brought by Mary Rasberry, S. C. Rasberry, and Jessie Rasberry, wife, mother and child of Julius Rasberry, deceased, to recover damages of the Tyler Southeastern Railway Company for negligently causing the death of Julius Rasberry. The child, Jessie, sued by his mother, Mary Rasberry, as next friend. There was judgment in favor of the appellees upon the verdict of a jury which apportioned the damages as follows: to the wife $6000, and to deceased's mother and his child $4000 each.

The deceased was an employee of the appellant as a fireman on one of its locomotive engines. He was thirty years old at the time of his death, and was earning an average of about $80 per month. He was in good health, sober, industrious, and economical, provided well for his family and had a life expectancy of 35 years. His wife was 20 years old, with a life expectancy greater than her husband's. The child was a boy one year old. The mother of deceased was 53 years old, with an expectancy of nearly 19 years. She lived with her son and had no property of her own except a house worth about $600. He was her only support and contributed to her about $200 a year.

Deceased met his death February 8, 1893, by the explosion of the

boiler of an engine in the company's yard at Tyler. At the same time, Hugh McMahon, a hostler in appellant's service, was killed. McMahon had fired up the engine and brought it out from the roundhouse to turn it over to the engineer and fireman for an outgoing train. The explosion was the result of the defective condition of the boiler in which the stay and crown bolts were worn and rusted. The inside and outside sheets were rusted and worn, and the screw threads which held the bolts into the sheets were eaten off by rust. The stay and crown bolts were essential to the security of the boiler, as they held the fire-box together and confined the steam. Appellant was negligent in failing to keep the boiler in a proper state of repair. A proper inspection would have shown the unsafe and defective conditon of the boiler. The defects in the boiler were inside, and could not have been seen by the deceased. He was not guilty in continuing to work upon the engine. The explosion did not result from negligence of a fellow servant of deceased in letting the water get below the crown sheet, as contended by the appellant.

At the time of his death the deceased had accident insurance in favor of his wife and mother from which the wife received $2500 and the mother $1000.

Evidence of the accident policies was received, and the appellant requested an instruction to the jury that from the total amount of damages they might find the wife and mother had each sustained, the amount of money received by each from the accident insurance should be deducted. This instruction the court below refused to give. The question here raised has never been before the Supreme Court of this State. A question somewhat similar was decided in Railway v. Long, 87 Texas, 148, where the will of Mrs. Long, for whose death damages were sought to be recovered by her children, was held to be proper evidence bearing upon the question of how much damage each of the plaintiffs in that suit had sustained. The plaintiffs were all adults, and practically all the assistance they received from their mother was from an income she had from property which by the will she devised to her daughters, leaving nothing to her sons. No fault can be found with the decision made, but from the reasoning of the court and the authorities discussed, there is much room to infer that pecuniary benefits resulting from the death of the deceased, although it was caused by the tort of the defendant, ought to be considered in estimating the damages. The question, however, has not been decided, as above stated, and in deciding it this court prefers the rule announced in Harding v. Townsend, 43 Vt., 536, and other American cases, that the defendant is not entitled to have the insurance money deducted from the damages occasioned by its negligent act. A distinction between the case of Harding v. Townsend and the one now before the court may perhaps be claimed because Harding sued for personal injuries, while this case is one under the statute for injuries resulting in death. No distinction ought to be made. It is a defense that ought not to be allowed in either case. Railway v. Meigs, 74 Ga., 867, was a case where the widow sued under a stat-

ute, but it does not appear but that the insurance money was from an ordinary life policy, which has been distinguished from money from an accident policy, the latter depending on death by accident which is not inevitable. Where goods are lost by one while in possession of a carrier, a sum received by the owner as insurance against fire can not be set off against him in an action on the value of the goods. The question seems analogous. The deceased provided in case of accidental death for certain sums of money to be paid to his wife and mother, for the insurance of which he paid a sum equal to the risk. Ought these sums to be set off against the damage caused by the negligent act of the appellant? Suppose that on account of the death of her husband some relative bound for her support should provide for it by payment to her of a sum of money at once, would it be contended that such sum should be set off against admitted damages? It is not believed that advantages incidental to the death ought to be set off against such damages as would naturally flow from the delinquent act causing the death; there are no equities in favor of the wrongdoer, and it can not be regarded in any other light than a set-off. The instruction requested asked that the insurance be deducted from the damages. At best, the appellant is not entitled to more than a consideration of the fact, yet there is no escape from the conclusion that if it is allowed to be considered by a jury at all, it could have no other effect than to reduce damages inflicted. Such a defense is also against public policy and should never be allowed.

The right of the minor child to recover should not have been limited to the age of his majority. It is proper to leave the matter to the jury without limitation as to age. A great many things may be taken into consideration in cases of this character that may seem to be very remote, and it is impossible to arrive at anything like a close estimate of the damages, yet all have a bearing upon the result to be reached, and the only proper way is to submit the question under proper evidence to the judgment of the jury.

The whole of the charge taken and read together, as must be done, and as the jury received it, was not apt to mislead the jury, and the fourth, fifth and sixth assignments of error, complaining of the charge of the court, do not show any ground for a reversal of the judgment.

There was no error in refusing the first special instruction requested by the appellant, since the charge of the court instructed the jury that the deceased was chargeable with knowledge of such defects as were open to him.

Counsel for appellees, on cross examination, were allowed to elicit from the witness Inglis that after having been requested not to do so by appellee's attorney, he shipped the flues and cylinder of the boiler to Pine Bluff. The witness had testified as to the good condition of the boiler and flues, and the question was certainly proper on cross examination, if not on direct examination.

E. L. Walker, a witness for the appellees, was also allowed to testify that he took certain bolts from the fire-box of the engine, and was per-

mitted to exhibit them to the jury and to testify that a bolt exhibited was a fair specimen of the bolts that were in the fire-box, and that the others were about as badly rust-eaten as the one shown. This was objected to because the witness could not express his opinion as to the difference in appearance between the bolt shown the jury and the others; also, that it was irrelevant. The evidence was quite pertinent to show the bad condition of the boiler, and the testimony comparing the bolts was admissible as a short hand opinion, which was in effect a fact.

The damages allowed are not so large as to call upon this court to set the verdict aside and reduce the amounts allowed to the appellees or either of them.

The judgment of the court below will be affirmed.

*Affirmed.*

Writ of error refused.