ESTHER J. BRIGHT, Administratrix of the Estate of CHARLES W. BRIGHT, Deceased, Respondent, v. THEODORA THACHER and ARTHUR THACHER, Appellants.

St. Louis Court of Appeals. Opinion Filed November 4, 1919.

1. **DEATH BY WRONGFUL ACT:** Pleading: Pecuniary Loss: Sufficiency of Petition. In an action for damages by deceased's mother, as his administratrix, the petition alleging that plaintiff was dependent upon deceased for her support, and that he contributed thereto, and that she and the other heirs at law of deceased have been damage by his death in a stated sum, *held* a sufficient averment of pecuniary loss suffered by the beneficiary for whose benefit the suit was brought.

2. ———: ———: Ages of Beneficiaries: Sufficiency of Petition. In an action for damages by deceased's mother, as his administratrix, the petition alleging that deceased left no father, wife or children surviving him, and that plaintiff and certain others, at the time of his death, were the nearest of kin and heirs at law of deceased, *held* sufficient, although the petition fails to set forth the ages of the respective beneficiaries.

3. ———: ———: Suit Instituted Within Statutory Period. In an action to recover damages by deceased's mother, as his administra-

trix, even though the petition failed to state that plaintiff insti-
tuted her action within the statutory period, the fact that the
petition states the date of decedent's death, and the fact that the
record shows the date of the filing of the petition, it is clear that
the suit was brought within the period of the time allowed by stat-
ute and *held* sufficient.

4. ———: ———: **Sufficiency of Petition.** In an action to recover
damages by deceased's mother, as his administratrix, the petition
reviewed and *held* that it contains all the necessary averments re-
quired under sections 5426 and 5427, Revised Statutes 1909.

5. **NEGLIGENCE: Automobiles: Liability of Father for Daughter's
Negligent Use.** The ownership of an automobile purchased by
a father for the use and pleasure of himself and family does not
render him liable for damages to a third person injured through
the negligence of a member of his family while operating the
automobile in furtherance of that member's own pleasure, and
the fact that the member of the family had the father's special or
general permission to use the car for his pleasure is wholly im-
material.

6. **DAMAGES: Death by Wrongful Act: Cannot Reduce Loss by In-
surance on Life of Deceased.** A defendant cannot secure a re-
duction of the damages for which he is liable for negligently caus-
ing the death of another, by showing that the plaintiff, or the
party in interest, was entitled to collect, or has collected, for his
individual use, proceeds of an insurance policy upon the life of
the deceased, and evidence is inadmissible to show the receipt of
such money or the existence of such insurance policies.

7. **TRIAL PRACTICE: Instructions: Omitting Cognizance of Testi-
mony: Properly Refused.** In an action to recover damages for
death caused by an automobile accident, an instruction that
omitted to take cognizance of testimony for plaintiff as to rate
of speed, warning of the approach of the automobile, and care
exercised to have stopped the automobile without striking deceased,
*held* properly refused.

8. ———: ———: **Assuming Fact: Properly Refused.** In an action
for damages for death caused by an automobile accident, an in-
struction that assumes as an established fact that deceased's
companion ran suddenly backwards in front of the machine,
whereas it was controverted by the testimony of such companion,
*held* properly refused.

9. **DAMAGES: Excessive Damages: Mortality Tables Not Conclu-
sive.** A verdict for $7500 for the death of plaintiff's son, *held*,
not excessive, and that while life tables, introduced by defendant,
showed that plaintiff's life expectancy at the age of 74 was
a little over 6.68 years, such life tables are not conclusive, and

Bright v. Thacher.

where the record shows that the mother was a witness in the case and the jury had an opportunity to observe her actions on the witness stand, her physical alertness, her general appearance as to health, the jury from such observations, could very properly come to the conclusion that she would live many years beyond that which the average woman of her age, as shown by the mortuary tables, would live.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Leo S. Rassieur*, Judge.

REVERSED AS TO ARTHUR THATCHER.

AFFIRMED AS TO THEODORA THATCHER.

*Jones, Hocker, Sullivan & Angert, Earnest A. Green* and *Bryan, Williams & Cave*, for appellants.

(1) The court erred in refusing to give the peremptory instruction asked by the defendant, Arthur Thacher, at the close of the plaintiff's case, and also at the close of all the evidence. The mere ownership of an automobile purchased by a father for the use and pleasure of himself and family does not render him liable in damages to a third person injured through the negligence of his daughter while operating the same in furtherance of her own pleasure; and the fact that she had the father's special or general permission to so use the car is wholly immaterial. Hays v. Hogan et al., 200 S. W. 286, and cases cited; Bolmon v. Bullene, 200 S. W. 1068; Mast v. Hirsh, 202 S. W. 275; Guthrie v. Holmes, 198 S. W. 854; Doran v. Thomsen, 76 N. J. Law 754; 71 Atl. 296, 19 L. R. A. (N. S.) 335; 131 Am. St. Rep. 677. (2) Plaintiff's petition wholly fails to state a cause of action against either defendant. In order for an administrator to maintain an action under this section, the petition must show the names, relationship and ages of the respective beneficiaries for whom he sues, and their respective pecuniary losses. Further, the petition does not aver that it was filed within the statutory period. Johnson v. Mining Co.,171 Mo. App.

134; Smelser v. Railroad, 262 Mo. 41; Troll v. Gas Light Co., 182 Mo. App. 600; Railroad v. Daugherty's Admr., 155 S. W. 1119; Rich v. Railroad, 148 S. W. 1011; Railroad v. McGinnis, 228 U. S. 173; Barker v. Railroad Co., 91 Mo. 86; Chandler v. Railroad, 251 Mo. 592. (3) The trial court erred in refusing to permit the defendants to show, by competent evidence offered by them, that the mother of the intestate had come into possession of twelve thousand dollars through accident insurance upon the deceased's life and that she, therefore, did not sustain any necessary pecuniary loss or injury by his death. Hicks v. Newport, Etc., Ry. Co., 4 Best & S. 401. (4) The court erred in refusing to give to the jury instructions lettered C and E requested by the defendants. These instructions correctly declare the law with reference to the care required of an automobile driver under the circumstances of such an emergency. Railroad Co. v. Eganolf, 112 Ill. App. 323; Stewart v. Railway Co., 85; Atl. 745; Floyd v. Philadelphia, etc., Ry. Co., 162 Pa. 29; Phillips v. People's Passenger R. R. Co., 190 Pa. 222; Gunz v. C., St. P. & Milwaukee R. R. Co., 52 Wis. 672; Davidson v. Frisco, 164 Mo. App. 701; Bryan v. Wabash, 141 S. W. 926. (5) The court erred in refusing to give to the jury defendants' instruction lettered "D." If the mother of the intestate sustained no pecuniary loss, the plaintiff was not entitled to recover in this action, and this instruction properly so declared. Hicks v. Newport, etc., Ry. Co., 4 Best & S. 401. (6) The trial court improperly refused to give to the jury instruction lettered "H" asked by the defendants. Under the pleading in this case the plaintiff at most could recover only nominal damages. Smelser v. Railroad, 262 Mo. 41; Bagley, Admr. v. St. Louis, 268 Mo. 264. (7) The trial court erred in giving to the jury instruction number 1 requested by the plaintiff. In the first place it erroneously declares the law with reference to the liability of the defendant, Arthur Thacher, under the evidence herein; and, secondly, it attempts to cover the whole case and authorizes a verdict for the plaintiff without requiring a finding on the part

of the jury that the plaintiff was damaged as a result of the death of Charles W. Bright. Authorities cited under point 1, supra; Authorities cited under point 2, supra; Fullerton v. Fordyce, 121 Mo. 13; Hall v. Railroad, 74 Mo. 302; Barr v. Armstong, 56 Mo. 589; Caldwell v. Stephens, 57 Mo. 595; Glover v. Railroad, 129 Mo. App. 575. (8)(a)Plaintiff's instruction number two is erroneous; it declares the law of agency absolutely in conflict with the decisions of our Supreme Court. Authorities cited under point 1, supra. Plaintiff's instruction number 3 does not correctly declare the measure of damages in this case. McGowan v. St. Louis Ore & Steel Co. 109 Mo. 518; Calcaterra v. Iovaldi, 123 Mo. App. 354. (b) Instruction No. 3 also assumes that there was a necessary pecuniary injury resulting to the mother from the death of the son and authorizes the jury to assess damages without finding from the evidence that there was really such pecuniary injury. (10) The damages recovered by the plaintiff are grossly excessive, since there was no evidence of any such pecuniary loss on the part of the plaintiff. Bagley, Admr. v. St. Louis, 268 Mo. 264.

*Charles A. Houts* for respondent.

(1) Where the jury expressly passed upon the question of fact as to whether or not the daughter was acting as the agent of the father, this being one of the issues presented to them in proper form, the verdict and judgment should stand. Denison v. McNorton, 228 Federal 401 and cases there cited; McNeal v. McKain, 41 L. R. A. (N. S.) 775 and case note; Winfred v. Lazarus, 148 Mo. App. 388; Dailey v. Maxwell, 152 Mo. App. 422; Marshall v. Taylor, 168 Mo. App. 240; Birch v. Abererombre, 74 Washington, 486, 50 L. R. A. (N. S.) 59, (2) As to the second point, the petition properly set forth the facts required by the statutes as above recited charging expressly pecuniary loss to the mother and brothers

of deceased. Testimony was offered by the plaintiff showing the relationship and the facts in connection with the dependency and the pecuniary loss, and defendants introduced testimony with reference to the probable expectancy of life for the purpose of minimizing, if possible, the amount of such pecuniary loss. The court and jury, therefore, by proper pleading and evidence, had before them the facts in connection with the actual pecuniary loss resultant from the death of the deceased, and were enabled thereby to assess the damages allowed by the statute, which was such amount as they deemed "fair and just with reference to the necessary injury resulting from such death," etc. (Sec. 5426 and 5427, R. S. 1909.)

BECKER, J.—This is an action seeking to recover damages for the death of one Charles W. Bright, alleged to have been caused by the negligent handling of an automobile owned by the defendant, Arthur Thacher, while the machine was being driven by his daughter, Theodora Thacher, also a defendant, said accident having occurred on July 13, 1915, at the intersection of Kingshighway and Washington avenue, in the City of St. Louis, Missouri.

In the petition, which was filed on the 15th day of September, 1915, the negligence assigned on the part of the defendants is that the defendant, Theodora Thacher, operated the automobile at a "high and dangerous rate of speed when she knew, or by the exercise of ordinary care would have known, that a number of pedestrians, including the said Charles W. Bright, were in the act of crossing Washington avenue on the west side of Kingshighway, immediately in the path of the said automobile, and that the said Theodora Thacher negligently failed to give any warning of the approach of the said automobile; that she saw the said Charles W. Bright in said street in time to have stopped said machine by the exercise of ordinary care without striking the said Bright, and that she negligently and carelessly failed to stop said machine, but on the contrary negli-

gently and carelessly continued to operate said machine at said high and dangerous rate of speed when she knew or by the exercise of reasonable care would and should have known, that she would strike and injury the deceased.''

The petition alleges that the defendant, Theodora Thacher, is the daughter of the defendant, Arthur Thacher, and that at the time of the accident she resided with him as a member of his household; that she was operating the said automobile, on the said occasion with his consent, direction and permission, and as his agent, and in the performance of her duties as such agent.

The petition further alleges that the plaintiff is the mother of the deceased, Charles W. Bright, and that for many years prior to his decease, ''plaintiff was dependent upon the said Charles W. Bright for her support, and that he contributed thereto;'' that the deceased left no father, wife, or children surviving him; that the said plaintiff, Esther J. Bright, together with J. D. Bright, G. W. Bright and Oliver Bright, brothers, were, at the time of the death of the said Charles W. Bright, next of kin and heirs at law; and that plaintiff was duly appointed, qualified and acting administratrix of the estate of the deceased.

The petition further alleges that the plaintiff and the other heirs at law of the deceased have been damaged by his death in the sum of $10,000, for which sum judgment is prayed.

The defendants filed separate answers. That of the defendant, Arthur Thacher, contains a general denial and a plea of contributory negligence on the part of the deceased; while in the answer of the defendant, Theodora Thacher, it is set out that the accident was unavoidable and also alleges contributory negligence on the part of the deceased.

The case was tried to a jury, resulting in a verdict in favor of the plaintiff and against both of the defendants in the sum of $7500. From a judgment ren-

dered upon this verdict each of the defendants in due course appealed.

The evidence introduced at the trial was substantially as follows:

The defendant, Arthur Thacher, is the father of the defendant, Theodora Thacher. Mr. Thacher's family consists of his wife, one son, and the said daughter, Theodora Thacher, defendant herein. Thacher was the owner of, and had bought for the pleasure of the family, an automobile which ever since Thacher has purchased the machine had been operated by both the son and the daughter.

On the day of the accident the defendant, Arthur Thacher, was, and for a week prior thereto had been, out of the city and had no personal knowledge whatsoever relative thereto. At the time of the accident Theodora Thacher, the daughter, was driving the car, purely for her own pleasure, accompanied by a friend, Thurston Farrar, and was riding in the car enroute to a picture show.

Kingshighway, in the city of St. Louis, runs north and south and is intersected by Washington avenue, which runs east and west. The daughter, with Farrar seated in the front seat beside her, drove the machine north on Kingshighway to a point where it intersects Washington avenue and there undertook to turn into Washington avenue. At the time she reached the intersection of these two streets, the deceased, Charles W. Bright, accompanied by a Mrs. Reamer, who had been walking along the sidewalk on the west side of Kingshighway, were in the act of crossing Washington avenue where it is intersected by Kingshighway. According to the testimony on the part of plaintiff the defendant, Theodora Thacher, was driving her machine at the rate of from ten to twenty-five miles an hour when she undertook to make the turn from Kingshighway into Washington avenue; she did not sound her horn, and the deceased and Mrs. Reamer had walked to about the middle of Washington avenue when deceased and Mrs.

Reamer first caught sight of the car and it was so close to them that Mrs. Reamer, believing she did not have time "to make it across" the street, "ran back, but Mr. Bright did not but hestitated and the car hit him, carrying him a distance, running over him, causing such injuries from the effects of which he died died two hours later."

Further, there was testimony on the part of the plaintiff tending to show that the defendant, Theodora Thacher, saw the deceased, Charles W. Bright, as he was in the act of crossing Washington avenue, and that she saw him in time to have stopped her machine without striking him.

With reference to the testimony as to the damage alleged to have been sustained by the deceased, the testimony adduced on behalf of the plaintiff was that the plaintiff, Esther J. Bright, was the mother of the deceased, Charles W. Bright, who at the time of his death was forty-nine years of age; that the plaintiff was duly appointed and acting administratrix of his estate. That the mother, at the time of the trial, was seventy-four years of age and had three other sons, G. W. Bright, J. D. Bright and Oliver Bright.

Mrs. Bright testified that for many years prior to his death her son, Charles W. Bright, had regularly contributed to her support, she living with him in a home for which he paid the rent and kept up the household expenses; that he expended, in keeping up the house, from $100 to $125 per month; that in addition to furnishing her with a home the said son had always given her sums of money, from time to time, upon her request, averaging about $50 a year; that her youngest son had come to the home for short periods of time amounting to perhaps three months per year, during which period of time he had contributed something toward the maintenance and upkeep thereof, but that amount she did not testify to; she further testified that she drew a small pension amounting to $12 per month.

According to the testimony of the defendants, the machine at the time of the accident was going at the speed of about ten or eleven miles per hour, and the defendant, Theodora Thacher, had not applied either the foot or emergency brake at the time she struck the deceased, Charles W. Bright, but that the accident would not have occurred but for the act of the deceased's companion, Mrs. Reamer, who, when the automobile approached her, when she was in the center of Washington avenue, suddenly ran back to the south side of Washington avenue, directly in front of the machine, and that the defendant, Theodora Thacher, believing she was going to strike Mrs. Reamer, and in order to avoid her, turned her machine to the right and in so turning to the right the automobile unavoidably struck the deceased.

There was testimony on the part of the defendants tending to show that had the deceased, Bright and his companion, continued to proceed north on Washington avenue at the rate at which they were going, the accident would have been avoided.

Defendants introduced testimony to the effect that the expectation of life of a man who has reached the age of seventy-four years is 6.68 years, and that the expectation of life of a woman of that age was slightly greater, and that an annuity of $530 per year, payable monthly, for the remainder of the life of a woman aged seventy-four years, could be purchased for a single premium of $4000.

I.

We take up first the contention that plaintiff's petition wholly fails to state a cause of action against either of the defendants, being defective by reason of the following:

First. That there is no averment of any pecuniary loss suffered by the respective beneficiaries for whom the plaintiff sues.

Second. In that plaintiff's petition wholly fails

to state the age, relationship, and the pecuniary loss of the respective beneficiaries.

Third. In that there is no averment of any kind in the petition showing that the plaintiff instituted her suit within the statutory period allowed her.

As to the first, the petition specifically alleges, "that at the time of the death of the said Charles W. Bright, and for many years prior thereto, plaintiff was dependent upon the said Charles W. Bright for her support and that he contributed thereto, and that she and the other heirs at law of the said Charles W. Bright have been damaged by his death, as aforesaid, in the sum of $10,000, for which sum plaintiff prays judgment," which, we hold, is sufficient averment of pecuniary loss suffered by the beneficiary for whose benefit the suit is brought.

As to the second, we have already shown that the relationship and pecuniary loss of the respective beneficiaries are shown in that the petition sets forth the allegation that Esther J. Bright, one of the beneficiaries and heirs at law of the deceased, was dependent on the said Charles W. Bright, deceased; that he contributed to her support at the time of his death, and had done so for many years prior thereto; and as to the allegation of relationship, in another part of the petition we find the allegation that the deceased, "left no father, wife, or children surviving him; that plaintiff, Esther J. Bright, his mother, J. D. Bright, G. W. Bright and Oliver Bright are and at the time of his death were the next of kin and heirs at law of the said Charles W. Bright." That the petition fails to set forth the ages of the respective beneficiaries is a matter which we hold in this case is of no consequence.

While it is true that the petition fails to state that plaintiff instituted her suit within the statutory period, it is however alleged in the petition that the said Charles W. Bright departed this life on the 13th day of July, 1915, and the record shows that the suit was instituted on the 15th day of September, 1915. In light, therefore, of the fact that the petition states the date of decedent's

death, and the fact that the record shows the date of the filing of the petition, it is clear that the suit was brought within the period of time allowed by statute and this we hold is sufficient. This same point was raised in a case recently before us in which we held the contention to be without merit. [See O'Hara v. Lamb Const. Co., 200 Mo. App. 292, l. c. 299, 206 S. W. 253.] A careful reading of the petition readily satisfies us and we so hold that it contains all the necessary averments required under sections 5426 and 5427, Revised Statutes of Missouri, 1909. [Johnson v. Mining Co., 171 Mo. App. 134, 156 S. W. 33; Johnson v. Mining Co., 187 S. W. (Mo.) 1; Troll v. Gas Light Co., 182 Mo. App. 600, 169 S. W. 337.

## II.

It is next urged that the learned trial court erred in refusing to give the peremptory instruction asked by the defendant, Arthur Thacher, at the close of plaintiff's case and also at the close of all the evidence.

We hold this point is well taken. Irrespective of the result reached upon the question in issue in other jurisdictions, it is no longer open to question in this State that the ownership of an automobile purchased by a father for the use and pleasure of himself and family does not render him liable for damages to a third person injured through the negligence of a member of his family while operating the automobile in further-ance of that member's own pleasure; and the fact that the member of the family had the father's special or general permission to use the car for his pleasure is wholly immaterial. [Hays v. Hogan, 273 Mo. 1, 200 S. W. 286, and cases cited; Bolman v. Bullene, 200 S. W. (Mo.) 1068.]

According to all the testimony upon this point, ad-duced on behalf of the plaintiff, as well as that of the defendants, the automobile was purchased primarily for the pleasure of the family. The daughter, who is a de-fendant, and the son had been given permission by the

father to use and operate the machine for their own pleasure whenever they desired.

On the day of the accident the father was absent in Colorado and had no knowledge that the daughter intended to use the machine on that day, though, as stated above, he had granted her general permission to use it for her own pleasure at will. The daughter, in the present case, took the machine for her own pleasure, intending to attend a picture show in the neighborhood and invited a friend to go with her.

The uncontradicted facts, as shown by this record, clearly do not make out a case against the defendant, Arthur Thacher, and the learned trial court should have given the said peremptory instruction.

## III.

Appellants earnestly insist that the trial court erred in refusing to permit them to show, by competent evidence offered by them, that the mother of the intestate had come into possession of $12,000 through accident insurance upon the deceased's life, and that she, therefore, did not sustain any necessary pecuniary loss or injury by his death. In support of this contention we are cited the case of Hicks v. Newport, etc., Ry. Co., a case which we find has not been officially reported but is referred to in the case of Pym, Admrx. v. Great Northern Ry. Co., 4 Best & S. 396, to which case there is appended a footnote containing the language of Lord Campbell, the author of the English act which bears his name, in his charge to the jury in the Hicks case, supra, in which he instructed them that the amount of a policy of insurance on the life of a person killed, collected by the person for whose benefit the suit is brought, should be deducted from the amount of pecuniary loss, and that evidence of the amount of insurance collected is admissible upon the question of pecuniary loss. Appellants urge here that this is the logical and proper rule to follow in cases of this character. To this we cannot agree.

It is to be noted that we have been cited no authorities in the United States upholding the rule as laid down by Lord Campbell in his charge to the jury in the Hicks case, supra, and our examination of the authorities discloses that the courts in this country are in seeming harmony on the point that a defendant cannot secure a reduction of the damages for which he is liable for negligently causing the death of another, by showing that the plaintiff or the party in interest, was entitled to collect or has collected, for his individual use, proceeds of an insurance policy upon the life of the deceased; and consequently evidence is inadmissible to show the receipt of such money or the existence of such insurance policies.  [Carroll v. Mo. Pac. Ry. Co., 88 Mo. 239; Sherlock v. Alling, 44 Ind. 184; Kellogg v. N. Y. C. & H. R. Ry. Co., 79 N. Y. 72; Boulden v. Penn. Ry., 205 Pa. 204; Clune v. Ristine, 36 C. C. A. 459, 94 Fed. 745, 6 Am. Neg. Rep. 416; Tyler S. E. Ry. Co. v. Raspberry, 13 Tex. Civ. App. 185, 34 S. W. 794; B. & O. Ry. Co. v. Wightman, 29 Gratt. 431, 26 Am. Rep. 384; Harding v. Townsend, 43 Vt. 536.]

This rule is based on reason and is sound in principle for the amount of damages in actions under the statutory damage act is fixed by statute and by it certain beneficiaries are named, and to allow the construction of the statutes contended for by the appellants, "would defeat or modify actions under the statute where the party killed had, by his own prudence and at his own expense sought to provide for the maintenance of his family in the event of his death and would enable the wrongdoer to protect himself to the extent of his insurance against the consequence of his own wrongful and unlawful acts."  [Carroll v. Mo. Pac. Ry. Co., supra.] And consequently, as is stated in Sutherland on Damages (4 Ed), page 487, et seq., "generally there can be no abatement of damages on the principle of partial compensation received for the injury where it comes from a collateral source, wholly independent of the defendant, and is as to him *res inter alios acta.* . . . The pay-

ment of such moneys not being procured by the defendant and they not having been either paid or received to satisfy in whole or in part his liability, he can derive no advantage therefrom in litigation for damages for which he is liable. . . . To permit a reduction of damages on such a ground would be to allow a wrongdoer to pay nothing and take all the benefits of a policy of insurance without paying the premium." [See Dillon v. Hunt, 105 Mo. 154, l. c. 163, 16 S. W. 516.] It follows that the court properly refused to admit any testimony as to moneys collected by the mother of the deceased on policies of insurance on the life of the deceased.

## IV.

The trial court refused to give the jury instructions lettered C and E, requested by defendants, which instructions were intended to declare the law with reference to the care required by an automobile driver under the circumstances of an emergency such as defendants' testimony in this case tended to prove.

We are satisfied from an examination of these instructions that they were properly refused. Instruction C should not have been given in that it entirely omitted to take cognizance of the fact that the testimony for plaintiff tended to show that defendant, Theodora Thacher, was driving at a high rate of speed; gave no warning of the approach of the automobile, and saw, or by the exercise of ordinary care should have seen, the deceased in a place of danger in time, and by the exercise of ordinary care, could have stopped her machine without striking him.

Instruction lettered E was properly refused in that it assumes, as an established fact, that Mrs. Reamer ran "suddenly backwards in front of the machine," whereas it was controverted by the testimony of Mrs. Reamer, and consequently the giving of said instruction would have been error.

## V.

Instruction lettered D, offered by the defendants, the refusal of which is here assigned as error, we find was properly refused in that it told the jury that if they found from the evidence "that the mother of the deceased was no longer dependent upon the sums which she formerly received from the deceased for her support, but by the death of the deceased and the receipts of the accident insurance on his life, had received a sum sufficient for her support the remainder of her natural life, and shall find that she is no longer dependent upon such sums as she would formerly have received for her support, then she has suffered no pecuniary injury or loss for the death of the deceased, and the plaintiff is not entitled to recover in this action."

As we have ruled above, the testimony offered along these lines was properly refused and it follows that the instruction was also rightly refused.

Instruction lettered H, offered by the defendants, which told the jury that under the pleadings in this case plaintiff at most could recover only nominal damages, was properly refused. As we have ruled above, the petition specifically alleges pecuniary loss on the part of the mother and the plaintiff's testimony to the effect that she was, at the time of her son's death and had been for many years prior thereto, dependent upon him for her support, was uncontradicted. So that neither under the pleadings nor the evidence in the case could the plaintiff be restricted to the recovery of nominal damages only.

As to instruction numbered one, given at the request of the plaintiff, it erroneously declared the law with reference to the liability of the defendant, Arthur Thacher, under the evidence adduced in the case, but as we have indicated above, the court, at the close of the case, should have sustained the peremptory instruction in the nature of a demurrer requested by defendant, Arthur Thacher. But the criticism that the instruction, so far

as the defendant, Thodora Thacher is concerned, in that it attempts to cover the whole case and authorizes a verdict for plaintiff without requiring a finding on the part of the jury that the plaintiff was damaged as the result of the death of Charles W. Bright, we rule is not well taken.

An examination of the record in this case shows there was no controversy so far as the testimony was concerned but that the mother of Charles W. Bright had been supported by him at the time of his death and for some years prior thereto, to the extent of furnishing her a home, for the rental and upkeep of which he expended from $100 to $125 per month; and that in addition thereto the said son had, from time to time, given her sums of money, at her request, aggregating $50 per year. Furthermore, not alone was this testimony uncontradicted, but defendants adduced a witness by whom it was shown that the expectation of life of a woman aged seventy-four years would average somewhat over 6.68 years, and that to purchase an annuity of $530 per year, payable in equal monthly installments, it would cost, for a woman of said age, the single premium of $4000. We are, therefore, in light of the testimony in this case, of the view and so hold, that the question of whether plaintiff was damaged as the result of the death of said Charles W. Bright, was not a controverted question, and that an instruction which covered the entire case and directed a verdict which did not require the jury, before they could return a verdict for plaintiff, to find that the plaintiff was damaged as the result of the death of the deceased, was not erroneous.

The instruction given at the request of plaintiff on the measure of damages is criticised in that it assumes that there was a necessary pecuniary injury resulting to the mother from the death of the son, and authorizes the jury to assess damages without finding from the evidence that there was such pecuniary injury.

What we have stated in the preceding paragraph in this opinion suffices to cover the criticism leveled at this

instruction. Furthermore, an examination of the defendant's, Theodora Thacher, instruction on the measure of damages shows that it in turn assumes that there was a necessary pecuniary injury resulting to the mother from the death of the son. We rule the instruction is sufficient to be held good in its general scope.

## VI.

The sole remaining point, that the damages recovered by the plaintiff were grossly excessive, and that there was no evidence to base a finding of the pecuniary loss in such an amount, is without merit.

The argument that the life tables show that the expectation of a woman who has reached the age of, seventy-four years was a little over 6.68 years, was binding upon the jury. To this we cannot agree. Life tables are persuasive evidence but not conclusive. [See Sternsfels v. Met. St. Ry. Co., 73 App. Div. (N. Y.) 494; Secord v. Lumber Co., 160 Wis. 1; L. & N. R. Co. v. Anderson, 150 Ala., 350; Standard Oil Co. v. Reagan, 15 Ga. App. 571; Moses v. Matthews, 95 Neb. 672; San Bois Coal Co. v. Resetz, 43 Okla. 384.]

The record shows that the mother was a witness in the case and the jury has an opportunity, therefore, to observe her actions on the witness stand, her physical alertness, her general appearance as to health, and from such observations could very properly come to the conclusion that she would live many years beyond that which the average woman of her age, as shown by the mortuary tables, would live.

Our examination of the several assignments of error shows that there are none, in our judgment, that are well taken in so far as the defendant, Theodora Thacher, is concerned; and as to her we hold that the judgment is for the right party. But as to the defendant, Arthur Thacher, we hold that the court erred in not giving the peremptory instruction requested at the close of the case. It follows, and it is so ordered, that the judgment

as to the defendant, Arthur Thacher, is reversed, and is affirmed as to the other defendant, Theodora Thacher. *Reynolds, P. J.,* and *Allen, J.,* concur.