## THACHER v. ÆTNA ACCIDENT & LIABILITY CO., OF HARTFORD, CONN.

(Circuit Court of Appeals, Eighth Circuit. February 24, 1923.)

No. 5927.

1. **Pleading ⬡214(5)—Demurrer does not admit conclusions or construction placed on writing.**

   A demurrer does not admit mere conclusions of the pleader, or the pleader's construction of a writing set out in hæc verba.

2. **Insurance ⬡514—No liability under automobile accident indemnity policy for insured's payment of judgment against his daughter for death caused by her negligent driving of automobile.**

   Under automobile accident indemnity policy, conditioned that insured should not settle any claim, except at his own cost without the insurer's written consent, and that insurer should be liable only for expense actually sustained and paid by insured after actual trial of the issue, where judgment for plaintiff in action for death caused by the automobile while driven by insured's daughter was, on appeal, affirmed as to the daughter, and reversed as to the insured, and thereafter insured, without the insurer's consent settled the judgment against his daughter and took an assignment thereof, *held*, that insurer was not liable for the amount paid for such settlement; no action having been brought and no judgment having been recovered against insured by his daughter, and he in any event being under no liability to indemnify her.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Action by Arthur Thacher against the Ætna Accident & Liability Company of Hartford, Conn. Judgment for defendant, and plaintiff brings error. Affirmed.

W. B. Thompson, of St. Louis, Mo. (Ford W. Thompson, of St. Louis, Mo., on the brief), for plaintiff in error.

T. M. Pierce and Samuel H. Liberman, both of St. Louis, Mo. (Chauncey H. Clarke, of St. Louis, Mo., on the brief), for defendant in error.

Before SANBORN and KENYON, Circuit Judges, and POLLOCK, District Judge.

KENYON, Circuit Judge. Parties will be designated as in the lower court.

On March 26, 1921, plaintiff filed in the District Court of the United States for the Eastern District of Missouri an amended petition, asking judgment against defendant for the sum of $4,301.25, with interest thereon from the 16th day of January, 1920, at the rate of 6 per cent., and costs. The cause of action was based on a policy, No. C. A. 57710 issued by the Ætna Accident & Liability Company, of Hartford, Conn., which policy agreed to indemnify the assured, sub-

ject to the provisions and conditions of the same, against loss and expense arising or resulting from claims upon the assured for damages on account of bodily injuries or death accidentally suffered or alleged to have been suffered by any person or persons by reason of the ownership, maintenance, and use of plaintiff's automobile. The claims of the amended petition were as follows:

That on July 13, 1915, while said policy was in force, the automobile of plaintiff, operated by his daughter, Theodora Thacher, struck and killed one Charles W. Bright, who was walking on a public street in the city of St. Louis. Claim for damage was made by Esther J. Bright, mother of said Charles W. Bright, and defendant was given notice of said accident and claim.

That suit was brought by Esther J. Bright, who had been appointed administratrix of the estate of Charles W. Bright, against both Theodora Thacher and plaintiff, Arthur Thacher.

That answers were filed on behalf of these parties with the consent and knowledge of defendant herein, and that defendant consented that the defendants in that suit might defend the suit in the trial court. This trial resulted in judgment against Arthur Thacher and Theodora Thacher for the sum of $7,500.

That this case was appealed to the St. Louis Court of Appeals, where, on November 5, 1919, it was affirmed as to Theodora Thacher, and reversed as to Arthur Thacher.

That notice of the appeal to the St. Louis Court of Appeals was given to defendant, and then for the first time it appeared in the St. Louis Court of Appeals by its attorneys in behalf of Theodora Thacher and Arthur Thacher in defense of said suit.

That after the rendition of the judgment of the St. Louis Court of Appeals, and after the mandate of the same had been sent to the circuit court of the city of St. Louis, plaintiff notified defendant that under and in pursuance of the provisions of said policy said defendant was liable to him for any judgment rendered against his daughter, Theodora Thacher, acting as his agent, and was liable for the payment of said judgment rendered in favor of Esther J. Bright, administratrix, to the extent of $5,000.

That plaintiff also notified defendant that he could settle and compromise said judgment for $3,000 and costs of suit, amounting to $201.25, and that he proposed to accept such offer made by the administratrix of the Charles W. Bright estate, and pay said amount and hold defendant responsible for such payment under its said policy. Demand was made on said defendant to pay said sums, but defendant failed and refused to pay the same, and disclaimed and repudiated any liability under said policy for the said accident caused by the plaintiff's automobile, on the ground that the plaintiff was not liable, under the circumstances of the accident, for his daughter's acts.

That on the 16th day of January, 1920, notwithstanding such refusal on the part of the defendant, the plaintiff paid to Esther J. Bright, administratrix, the sum of $3,000 in settlement of the judgment against his daughter, and the sum of $201.25 costs, and took an assignment of the judgment.

That on the 22d day of January, 1920, plaintiff notified defendant that he would enter satisfaction of said judgment and hold defendant liable, and that plaintiff in error did enter satisfaction of said judgment on said day. The amount so paid is the amount for which plaintiff now asks judgment against defendant.

The foregoing constitute the main allegations of the amended petition on which the case was presented. A demurrer to this amended petition was filed on the 29th day of March, 1921, and sustained on the 27th day of May, 1921, the general ground of the demurrer being that the petition did not state facts sufficient to constitute a cause of action. The action of the court in sustaining his demurrer is the question before us.

We set forth certain parts of the insurance policy material to the issues here, as follows:

"Policy No. C. A. 57710.

"The Ætna Accident & Liability Company Combination Automobile Policy.

"In consideration of the premium herein provided, the Ætna Accident & Liability Company, of Hartford, Connecticut (called the company), does hereby agree to indemnify the assured described in the warranties hereof, subject to the provisions and conditions set forth herein:. * * * Against loss and/or expense arising or resulting from claims upon the assured for damages on account of bodily injuries and/or death accidentally suffered, or alleged to have been suffered, by any person or persons, by reason of the ownership, maintenance and/or use of the automobile described in the warranties hereof (including carrying of goods thereon and the loading and unloading thereof), provided such accidents or alleged accidents occur within the period covered by this policy, and provided further that:
          *          *          *          *          *          *          *          *

"H. If suit is brought against the assured to enforce a claim for damages covered by this policy he shall immediately forward to the company every summons or other process as soon as the same shall have been served on him, and the company will, at its own cost, defend such suit in the name and on behalf of the assured. The assured, whenever requested by the company, shall aid in effecting settlements, securing information and evidence, the attendance of witnesses and in prosecuting appeals, but the assured shall not voluntarily assume any liability or interfere in any negotiations for settlement, or in any legal proceeding, or incur any expense, or settle any claim, except at his own cost, without the written consent of the company previously given, except that the assured may provide at the company's expense such immediate surgical relief as is imperative at the time of the accident.
          *          *          *          *          *          *          *          *

"J. No action shall lie against the company to recover for any loss and/or expense covered by this policy arising or resulting from claims upon the assured for damages unless it shall be brought by the assured for loss and/or expense actually sustained and paid in money by him after actual trial of the issue, nor unless such action is brought within two years after payment of such loss and/or expense; nor for any other loss or damage covered by this policy unless action is brought within two years after the occurrence causing the loss or damage."

[1] I. At the inception of this opinion we may suggest that, while the demurrer admits the facts well pleaded, it does not admit mere conclusions of the pleader or the correctness of the pleader's construction of the written instrument, to wit, the insurance policy which is set out in hæc verba in the petition. Dillion v. Barnard et al., 21 Wall. (88 U. S.) 430, 22 L. Ed. 673; Samuel Bonnell, Jr., Appellant, v.

Chester Griswold et al., Respondents, 68 N. Y. 294; Donovan v. Boeck, 217 Mo. 70, 116 S. W. 543.

[2] Plaintiff's claim now is that under the allegations of the amended petition his daughter was his agent in operating the automobile; that the indemnity provided by the policy covered, not only results of his acts, but likewise those of his agent, whether negligent or not; that he was liable to third persons for the daughter's acts, and consequently that defendant was liable to him. And this notwithstanding the decision of the St. Louis Court of Appeals in the case of Esther J. Bright, Administratrix of the Estate of Charles W. Bright, Deceased, Respondent, v. Theodora Thacher and Arthur Thacher, Appellants, 202 Mo. App. 301, 215 S. W. 788, holding that said Arthur Thacher, plaintiff in error here, was not liable in this very matter, but that liability attached to his daughter, Theodora Thacher, by reason of her negligence in the driving and management of the automobile. The question of agency was of necessity involved in that case. Plaintiff escaped liability there on the theory that he was not responsible for his daughter's act resulting in the death of Charles W. Bright. Here insistence is made that he is liable for the very same act; such insistence being made necessary undoubtedly by the fact that he cannot recover in any event against defendant here unless there is liability upon him for the acts of his daughter resulting in the damage and loss. These theories are ingenious, and plaintiff suggests in his argument that one of the doctrines advanced involves a novel application of the rule of respondeat superior and may perhaps be regarded as straining that rule unduly. We think it does.

We are dealing in this case, not with the rights or claims of third parties arising out of a tort, but with a contract and its construction. The policy in this case is one of indemnity and not liability. Luger v. Windell, 116 Wash. 375, 199 Pac. 760; Ford v. Ætna Life Ins. Co., 70 Wash. 29, 126 Pac. 69; Allen v. Ætna Life Ins. Co., 145 Fed. 881, 76 C. C. A. 265, 7 L. R. A. (N. S.) 958; Schambs v. Fidelity & Casualty Co. of New York, 259 Fed. 55, 170 C. C. A. 55, 6 A. L. R. 1231; Newton v. Seeley, 177 N. C. 528, 99 S. E. 347; Connolly v. Bolster, 187 Mass. 266, 72 N. E. 981; Cushman v. Fuel Co., 122 Iowa, 656, 98 N. W. 509.

The distinction between insurance against liability and indemnity against damages was recognized as far back as Gilbert v. Wiman, 1 N. Y. 550, 49 Am. Dec. 359, and has been very generally followed since. The parties entering into this contract of indemnity insurance had the right to make such contracts between themselves as they desired, so long as there was no contravention of public policy. This is not an ambiguous contract. We cannot add to nor take from it. The court's duty is to interpret it and carry out the intention of the parties, if possible.

What was this contract? Section 8 provides indemnity against loss or expense upon the assured for damages suffered, etc. The liability of the company, however, is subject to the provisions and conditions of the policy, and it is so expressly stated. What were these conditions? Subdivision H was one. It provides that:

"If suit is brought against the assured to enforce a claim for damages covered by this policy he shall immediately forward to the company every summons or other process," and that "the company will, at its own cost, defend such suit in the name and on behalf of the assured;" that the assured under the same subdivision, "whenever requested by the company, shall aid in effecting settlements, securing information," etc., but that "the assured shall not voluntarily assume any liability or interfere in any negotiations for settlement, or in any legal proceeding," or "incur any expense, or settle any claim, except at his own cost, without the written consent of the company previously given."

This gave the company the right to control the case when suit was brought, and prohibited the assured from interfering or incurring expense, or settling the claim or suit, except at his own cost, unless he have the written consent of the company. That was what the parties agreed to, and the plain conditions, if not waived, are binding. Subdivision J of the conditions provides that action would not lie against the company to recover for any loss or expense unless it shall be brought for "expense actually sustained and paid in money by him after actual trial of the issue."

This was another matter agreed to, evidently to give to the insurance company the right to have the issue of liability determined by actual trial in court. The contract did not give the assured the right to assume liability and settle the claim, any more than to settle after suit was brought. He had no right, under the contract, to decide that he would relieve his daughter from the judgment and assume to compromise it, and then hold the company responsible for his voluntary act. The company, under subdivision J, had the right to a decision in an actual trial as to expense sustained by him. The theory of such conditions as H and J in this policy is so well expressed in Emerson v. Western Automobile Indemnity Association, 105 Kan. 242, 245, 182 Pac. 647, 648, that we quote:

"After accident an automobile owner is not grievously concerned about either legal liability or expenses, so long as an insurance company must pay the bills. To protect itself against indifference, improvidence, and even collusion and downright fraud, the insurer is obliged to undertake defense, and make its own outlays for expenses. Under these circumstances the insurer is not put to any election to forego these protective measures, or give up writing indemnity policies. Until the state interferes, an indemnity policy may lawfully be written which permits the insurer to guard against rendition of a judgment when there was no liability, and against rendition of a collusive or unjust judgment when there was liability. An automobile owner may take or leave such a policy; but when such a contract has been made the insurer is not required to give up one feature in order to enjoy the benefit of the other."

The answer of plaintiff to this situation is that, defendant having denied any liability upon the claim, he had the right to go ahead and make the best adjustment he could. This is the theory by which plaintiff now seeks to avoid the manifest difficulties of his position. He relies on the cases of St. Louis Dressed Beef & Provision Co. v. Maryland Casualty Co., 201 U. S. 173, 26 Sup. Ct. 400, 50 L. Ed. 712, and Royal Indemnity Co. v. Schwartz (Tex. Civ. App.) 172 S. W. 581. They are, however, very different from the case at bar. In both these cases an adjustment was made after suit had been filed, and after the insured had refused to defend the insured against the suit. See, also,

Wisconsin Zinc Co. v. Fidelity & Deposit Co., of Maryland, 162 Wis. 39, 155 N. W. 1081, Ann. Cas. 1918C, 399.

The cases cited on this doctrine, however, by plaintiff are not in point because the defendant insurance company here had not refused to defend the suit, and there is no allegation in the amended petition that it did. It could not have refused so to do for the very excellent reason that a suit by the daughter to establish liability as against plaintiff was never brought. It did defend plaintiff in the St. Louis Court of Appeals when the suit against him and his daughter was pending.

There is an allegation in the amended petition that defendant disclaimed and repudiated any liability under the policy for the accident caused by plaintiff's automobile, on the ground that plaintiff was not liable for the acts of his daughter while operating the automobile. We do not think, under the terms and conditions of the policy, this refusal to assume liability gave any right to plaintiff to settle the claim or judgment against his daughter and hold the defendant company liable. The defendant does not, in its policy, agree to recognize liability whenever a claim is presented.

Condition J of the policy, hereinbefore set out, gives specifically to defendant the right to have the loss or expense claimed to be covered by the policy determined by an actual trial. There would be no reason for condition J in the policy, if the mere refusal to assume liability upon a claim prior to the bringing of an action gave the right to the assured to adjust the claim and hold the insurer liable. The mere refusal to assume liability cannot, we think, under the terms of this policy, amount to a waiver. It is very different from the situation that would have been presented if suit had been brought by the daughter against the father to recover for any amount paid by her arising out of the accident and the insurance company had then refused to defend. It had agreed to defend where suit was brought to enforce a claim for damages covered by the policy, and if it refused so to do it would have broken its contract and breached the policy. Under these circumstances plaintiff would not be compelled to sit idly by and take no action; but the insurance company had not agreed to assume liability when a claim was presented, and in refusing so to do it breached no provision of the contract.

It is clear that the plaintiff in error voluntarily assumed liability for the judgment against his daughter and paid the same before any liability as to him had been established in a suit instituted by his daughter against him, and that this suit is brought against defendant prior to the establishment of any claim against plaintiff, and without any refusal by defendant to defend him in a suit to establish his liability. Therefore under the contract of insurance he cannot recover the amount paid by him in adjustment of his daughter's liability.

II. Upon plaintiff's theory, that defendant's refusal to assume liability for the judgment against his daughter authorized him to settle, he would not in any event be entitled to recover unless there was liability on his part to indemnify his daughter. This is practically admitted by plaintiff's attorney's in their brief where they say (page 23, plaintiff in error's brief):

"When, however, the assured saw fit to settle before a recovery, he assumed the risk of an action against the insurer by showing, not only liability covered by the policy, but the amount of the liability."

Suppose in this matter the daughter had paid the judgment, and then brought action against the father to recover from him; on what would the action be based? The fact that she is his daughter would not in itself make the father liable. If she claimed that, as his servant, she was a joint tort-feasor with him, she would meet the fact that the state court has found her to be the wrongdoer, and that the injury for which she was held liable was the result of her own negligence. She was the responsible one. Under these circumstances she could not recover from a joint tort-feasor. Union Stock Yards Co. v. Chicago, etc., Railroad Co., 196 U. S. 217, 25 Sup. Ct. 226, 49 L. Ed. 453, 2 Ann. Cas. 525; Atlanta Consol. St. Ry. Co. v. Southern Bell Telephone & Telegraph Co. (C. C.) 107 Fed. 874. Neither, in view of the finding of the state court, a court of final authority, could she well claim that she was the agent of plaintiff in the particular matter resulting in the death of Charles W. Bright.

Plaintiff's contention that he is responsible for the acts of his daughter as his agent, resulting in liability upon her part, encounters the solemn adjudication of the state court that he is not liable. The theories advanced to controvert these propositions are novel, but, in our judgment, not sound. It is apparent that, even under plaintiff's theory, no liability is shown by the amended petition as to him, and, the policy being one of indemnity, there could in no event be recovery against defendant unless liability on the part of the plaintiff is shown. Plaintiff before recovery against defendant must show that he was liable to his daughter.

We see no theory upon which plaintiff in this case can recover either damages or expenses against defendant. The amount paid by him in settlement, as we have heretofore pointed out, was voluntarily paid, evidently to relieve his daughter from the judgment. There was no written consent of the company given, as provided in condition H to make the settlement. The action is not to recover for expense actually sustained and paid in money by plaintiff after actual trial of the issue, as provided in condition J. The defendant insurance company had not refused to defend any suit against him to establish his liability. There was no breach of the contract by defendant. It is apparent, further, from the allegations of the amended petition, including the policy, taking into consideration, also, the decision of the St. Louis Court of Appeals in the case there decided, that there is no liability upon the part of plaintiff to his daughter for the result of her negligent acts in driving the automobile.

The District Court was right in sustaining the demurrer, and its judgment is affirmed.